(January 28, 1974)

■ BARNETT ROBINSON, INC., Respondent, v. F. STAAL, INC., Appellant.— Order, Supreme Court, New York County, entered November 1, 1973, granting plaintiff's motion for an order for further pretrial examination and directing the defendant to appear for such purpose, unanimously reversed, on the law and the facts, and the motion denied, without prejudice to such a motion in the event the plaintiff is successful in establishing its cause of action. Appellant shall recover of respondent $40 costs and disbursements of this appeal. Plaintiff maintains that there was an agreement with the defendant for a joint venture for the purchase and sale of two rings with precious stones, and that the defendant repudiated the agreement. The purpose of the further examination is to obtain information with respect to the sale of the items. Until the alleged joint venture is established, the plaintiff who is a competitor of the defendant, should not obtain details with respect to a subsequent transaction that would have to do with the account rather than with the basic cause. (*Alderman* v. *Eagle,* 41 A D 2d 641; *Sugarman* v. *Weisz,* 34 A D 2d 763.) Concur — McGivern, P. J., Kupferman, Steuer, Tilzer and Lane, JJ.

■ In the Matter of HYMAN J. SCHWARTZ, Petitioner, v. DEPARTMENT OF STATE OF THE STATE OF NEW YORK, Respondent.— Determination of respondent Secretary of State, dated August 9, 1972, directing petitioner to return the sum of $109.44 and, in the event he fails to do so, that his real estate broker's license be suspended, unanimously annulled, on the law, without costs and without disbursements, and the petition granted. Petitioner was hired by a landlord to rent an apartment. Pursuant to the terms of the agreement petitioner's fee would have to be paid by the tenant. A prospective tenant consulted petitioner and he advised her of the rent and that she would have to pay a rental fee to the broker. The tenant paid that fee, in addition to the first month's rent. Apparently the tenant mistook the petitioner for the landlord. However, there is no question but that she understood she was paying a fee in addition to the rental, and that she was paying it to a broker. Respondent found that the services rendered by the petitioner to the landlord were minimal. The landlord makes no complaint, so the value of the service rendered to him is immaterial in this proceeding. There was no proof or charge that petitioner entered into any scheme to mulct prospective tenants. According to the proof, full disclosure was made to the prospective tenant. It is difficult to see in what way petitioner could be found to be untrustworthy. Concur — McGivern, P. J., Kupferman, Steuer, Tilzer and Lane, JJ.

■ In the Matter of LILLIE ALEXANDER, Respondent, v. NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM et al., Appellants.— Judgment, Supreme Court, New York County, entered February 28, 1973, *inter alia,* directing respondents to retire petitioner on a service-connected disability pension, unanimously reversed, on the law, and vacated, without costs and without disbursements, and the petition dismissed. In view of the conflicting medical opinions presented, we find no justification for judicial interference with the decision of respondents to accept the recommendation of the medical board. (*Matter of Strauss* v. *Hannig,* 256 App. Div. 662, affd. 281 N. Y. 612; *Matter of McGovern* v. *Lowery,* 39 A D 2d 518, affd. 32 N Y 2d 954.) Concur — McGivern, P. J., Murphy, Steuer and Capozzoli, JJ.