■ In the Matter of ALPHONSE FIORE, Respondent, v BOARD OF EDUCATION RETIREMENT SYSTEM OF THE CITY OF NEW YORK et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of appellant Board of Education Retirement System of the City of New York (Retirement Board), dated October 3, 1972, which denied petitioner's application for accident disability retirement, the appeal is from a judgment of the Supreme Court, Kings County, entered June 1, 1973, which annulled the determination and directed appellants to retire petitioner on a service-connected disability pension, retroactive to January 10, 1966, with interest from that date. Judgment reversed, on the law, without costs, determination confirmed, and petition dismissed on the merits. It appears that petitioner's actual application in this proceeding is a second renewal of an application he made on November 21, 1967 for accident retirement disability. That application was denied on May 14, 1968. The instant application, dated September 15, 1972, is, in effect, a further request to the Retirement Board to reconsider its May 14, 1968 denial of such benefits. The determination of October 3, 1972 is, in actuality, the second rejection by the Retirement Board of its denial, on May 14, 1968, of those benefits to petitioner. Under the Retirement Board's rules there is no provision for a "service-connected disability pension" as such, the pension sought by the petition and granted by the judgment under review. The annulment of the Retirement Board's determination of October 3, 1972 is an effective annulment of its May 14, 1968 determination. An application to reconsider an administrative board's determination (at bar, the Retirement Board's determination of May 14, 1968) does not extend, by the making and rejection thereof, the four-month statutory period under CPLR 217 within which to seek a review of the determination. This article 78 proceeding is barred by the limitation period of CPLR 217. *(Matter of Davis v Kingsbury,* 30 AD2d 944, 945, affd 27 NY2d 567; *Matter of Karrafa v Simon,* 14 AD2d 978, 979; *Matter of Williamson v Fermoile,* 31 AD2d 438). Moreover, even if this proceeding had been timely instituted, the record discloses sufficient evidence for the Retirement Board to have properly found that petitioner's heart attack on January 10, 1966 was not the result of an accident which occurred on that date and that petitioner had suffered from cardiac illness prior thereto. Where there is conflicting evidence as to whether a claimant's injuries should be considered as having resulted from an accident caused by his employment or because of a prior illness, the determination of the administrative board or public officer statutorily authorized to determine that question may not be interfered with by the court, unless that decision is arbitrary or capricious *(Matter of Croshier v Levitt,* 5 NY2d 259, 264–265; *Matter of Alexander v New York City Employees' Retirement System,* 43 AD2d 826, affd 36 NY2d 671; *Matter of McGovern v Lowery,* 39 AD2d 518, affd 32 NY2d 954; *Matter of Manza v Malcolm,* 44 AD2d 794; *Matter of Thomasson v Valentine,* 263

App Div 334, 335). Special Term's finding that the Retirement Board's failure to follow the determination of the Workmen's Compensation Board, which held that petitioner's heart attack was the result of an injury sustained in his employment on January 10, 1966, was an arbitrary decision by the Retirement Board is contrary to controlling authority (cf. *Matter of Croshier v Levitt, supra; Matter of Alexander v New York City Employees' Retirement System, supra,* 43 AD2d 826, revg NYLJ, Feb. 5, 1973, p 2, col 2). We note that at bar, Special Term relied upon the above decision in *Alexander* in New York County, prior to the reversal thereof, in support of its conclusion. Further, Special Term concluded that the Retirement Board acted arbitrarily because it relied upon the decision of the physicians employed in its Medical Board. The controlling authorities hold that it is appropriate for an administrative board to accept the recommendation of its medical board in situations such as these *(Matter of McGovern v Lowery,* 39 AD2d 518, affd 32 NY2d 954, *supra; Matter of Alexander v New York City Employees' Retirement System,* supra; *Matter of Manza v Malcolm,* 44 AD2d 794, *supra,* revg NYLJ, Feb. 20, 1973, p 2, col 2). Special Term at bar relied on the above decision in *Manza,* prior to the reversal thereof. Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.