In the Matter of WALTER J. SCHWEITZER, Appellant, v MICHAEL J. CODD, as Police Commissioner of the City of New York and as Executive Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents.

First Department, July 13, 1978

## APPEARANCES OF COUNSEL

*Ira Leitel* of counsel *(Joseph Fallek* with him on the brief), for appellant.

*Carolyn E. Demarest* of counsel *(L. Kevin Sheridan* with her on the brief; *Allen G. Schwartz, Corporation Counsel),* for respondents.

## OPINION OF THE COURT

LANE, J.

Petitioner is a patrolman employed by the New York City Police Department. On May 10, 1974, the petitioner's patrol car, driven by petitioner while on duty, collided with a truck. Petitioner was taken to Bronx-Lebanon Hospital Center and then on the same day was transferred to Jacobi Hospital. The Jacobi emergency room diagnosis was that petitioner suffered a "(1) Concussion (2) Contusion right orbit [of the eye] and right face; fractures to be ruled out." Petitioner had been under treatment and examined repeatedly since the May 10 occurrence. He has also been on sick report since that time.

The Medical Board of the Police Pension Fund, in a report dated September 29, 1976, recommended to the Board of Trustees that: "It is the opinion of the Medical Board at this time that there is no evidence of musculoskeletal defect in the spine, either related to the injury of May 10, 1974 or interfering with his performance of police duty, therefore it is recommended that his application for *line* of *duty disability retirement* be *disapproved.*" (Emphasis supplied.) There was another Medical Board report dated June 21, 1976 which stated: "[I]t is the opinion of the Medical Board that Police Officer Schweitzer is unfit for police duty by reason of Post-Traumatic Neurosis * * * The Medical Board, therefore, recommends that the Police Commissioner's application for *Ordinary* disability be *approved.* The Medical Board further recommends that the Police Commissioner's application for accident disability retirement be disapproved." (Emphasis supplied.)

The board, in a decision dated December 9, 1976, approved petitioner for ordinary disability retirement.

We do not quarrel with the acceptance by the trustees of the report that petitioner was not suffering from any physical disability relating to his May 10, 1974 injury which would interfere with performance of police duty. They are privileged to accept the report of their own experts over those of the claimant (*Matter of Fiore v Board of Educ. Retirement System,* 48 AD2d 850, 851, affd on memo at the App Div 39 NY2d 1016; *Matter of Alexander v New York City Employees' Retirement System,* 43 AD2d 826, affd 36 NY2d 671; *Matter of McGovern v Lowery,* 39 AD2d 518, affd 32 NY2d 954). However, the finding of ordinary disability predicated upon "Post-Traumatic Neurosis" poses a more serious problem. This finding of the Medical Board did not indicate the cause of the

neurosis, nor did it negate the possibility that the neurosis was connected to the May 10, 1974 line-of-duty accident.

The Board of Trustees is entitled to, and of necessity must rely on, the findings of the Medical Board with regard to the existence of a disability. However, the Board of Trustees must also make a finding regarding the *cause* of the disability in order to determine whether it was service connected *(Matter of Brady v City of New York,* 22 NY2d 601; *Matter of Centauro v Board of Trustees of N. Y. Fire Dept. Article I-R Pension Fund,* 41 AD2d 626; *Matter of Norris v Board of Trustees of Police Pension Fund, Article II,* 60 AD2d 815).

The Board of Trustees in this case made no finding regarding the connection of the "Post-Traumatic Neurosis" to the line-of-duty accident and could not therefore properly recommend ordinary disability retirement.

Accordingly, the judgment of the Supreme Court, New York County (HELMAN, J.), entered October 4, 1977, denying petitioner's application to annul the denial of service-connected disability retirement and dismissing the petition, should be unanimously reversed on the law, without costs or disbursements; the determination of the Board of Trustees should be annulled; the judgment should be vacated; and the petition should be granted to the extent of remanding the matter to the Board of Trustees for further proceedings in accordance with this opinion.

SILVERMAN, J. P., FEIN, YESAWICH and SANDLER, JJ., concur.

Judgment, Supreme Court, New York County, entered on October 4, 1977, unanimously reversed, on the law, without costs and without disbursements, vacated, the determination of the Board of Trustees annulled and the petition granted to the extent of remanding the matter to the Board of Trustees for further proceedings in accordance with the opinion of this court.