■ In the Matter of MARIO GABOS, Appellant, v MICHAEL J. CODD, as Police Commissioner of the City of New York, et al., Respondents.—Judgment, Supreme Court, New York County, entered September 20, 1977, denying petitioner's motion in an article 78 proceeding for an order annulling a determination of respondent denying his application for accident disability retirement, and granting his application for ordinary disability retirement only, affirmed, without costs. We agree with the dissenting opinion that it was the duty of the board of trustees to make an independent determination as to whether petitioner's conceded disability was service connected. It seems to us that the trustees did precisely that. The record clearly supports the medical board's conclusion that petitioner's disability was not service connected. Indeed, none of the medical reports submitted on petitioner's behalf express the opinion that it arose out of an injury suffered in the line of duty. The issue was quite clearly presented to the board of trustees. Six of the trustees agreed with the medical board and concluded that petitioner was entitled only to ordinary disability retirement. Six disagreed with the medical board and determined that petitioner was entitled to accident disability retirement. Since a majority vote was necessary to establish petitioner's right to the greater benefits provided by accident disability retirement, he was granted ordinary disability retirement, with a proviso that if the board should thereafter fix the allowance at the higher amount, he would be entitled to receive the excess from the date of his retirement. No doubt it would have been the better practice if the board of trustees had explicitly declared in so many words that accident disability retirement was denied because a majority was not persuaded that the injury was service connected. Under the circumstances in this case, however, it would be a pointless formality to remand for the purpose of requiring the board of trustees to state explicitly that which the record clearly discloses in fact occurred. Concur—Kupferman, J. P., Sandler and Sullivan, JJ.

Markewich and Lupiano, JJ., dissent in a memorandum by Lupiano, J., as follows: Petitioner, a member of the police department since 1953, applied on September 14, 1976 for accident and ordinary disability retirement due to back pain and continuous pain in his right leg. The medical board found that petitioner had sustained a back injury in February, 1959 (while on duty pushing a car to the curb), but that "there is insufficient evidence of medical care and disability following the accident of 1959. However, he is disabled from performing full police duties due to the moderately advanced degenerative changes in the lower, lumbar spine due to natural wear and tear. It is therefore recommended that his application for Accident Disability Retirement be disapproved, and his application for Ordinary Disability Retirement be approved." Subsequently, the board of trustees of the police pension fund adopted the findings of the medical board, it being observed that "Until the Board [of Trustees] determines the cause of such disability," petitioner is at least entitled to the retirement allowance for ordinary disability. The

minutes of the board of trustees meeting dated October 28, 1976, subscribed by the Chairman of the Board of Trustees Police Pension Fund, Art. 2, relating to petitioner's request for retirement based on accident disability clearly and unequivocally state that the predicate for granting petitioner retirement on ordinary disability was the failure of the board of trustees to determine the cause of petitioner's disability and that in the interim petitioner was "entitled to receive the retirement allowance for ordinary disability since this is the minimum to which he is entitled." The majority choose to ignore this clear, unequivocal assertion by the board of trustees and to view these minutes as constituting a determination by the board of trustees as to the cause of petitioner's disability, i.e., that it was not service connected. The board of trustees found there was a disability, but it did not make any finding as to the cause of disability. This patent fact is even further highlighted by the statement contained in the afore-mentioned minutes to the effect that "If this Board shall hereafter fix the allowance at more than such minimum amount, [petitioner] shall be entitled to receive the excess from the date of his retirement." Although the majority state that the board of trustees has made an independent determination as to the cause of petitioner's disability, i.e., whether it was service connected, I prefer to adopt the unassailable and unimpeached declaration by Deputy Commissioner Vona representing the police commissioner, as chairman of the board of trustees, set forth in the minutes above. Obviously, if there was a determination as to the cause of disability, that is, if it had been determined by the board of trustees that petitioner's disability was not service related, then there would be no necessity to recompute petitioner's retirement allowance at a later date at an amount higher than that for ordinary disability. This court may not substitute its determination for a determination which must be made by the administrative body (but which has not as yet been rendered), but is compelled by legal precedent and reason to remand the matter to the administrative body so that it may exercise its prerogative and engage its expertise. To do otherwise is subversive of established legal principles and the line of demarcation separating judicial from administrative action. As we noted in *Matter of Walsh v Codd* (68 AD2d 805): "It is the duty of the respondents to determine whether the line of duty accident caused the disabling condition. Once they have determined that the accident did not cause the disabling condition, their duty is performed * * * The finding of presence or absence of causal relation is all that is required by law." However, the board of trustees in this case made no independent finding as to the cause of petitioner's disability (see *Matter of Schweitzer v Codd*, 63 AD2d 66; *Matter of Norris v Board of Trustees of Police Pension Fund, Art. II*, 60 AD2d 815). Further, the majority view the six-to-six tie vote of the board of trustees on the two resolutions for retirement as somehow constituting a finding by the board of trustees as to disability and as to causation of such disability. Not so! The procedural context of the minutes of the board of trustees clearly enunciated on this record demonstrates that the first resolution offered that petitioner be retired for accident disability failed to be adopted on motion because of a six "Yes," six "No" vote. The second resolution offered that petitioner be retired for ordinary disability similarly failed to be adopted on motion because of a six-to-six tie vote. Thus there was no finding of disability at this point, both resolutions failing to be adopted. This impelled the deputy commissioner representing the police commissioner, sitting as chairman of the board of trustees, to break the tie by casting a vote, which vote determined that there was disability, thus entitling petitioner to

retirement, but specifically failed to determine the cause of disability. This is, therefore, not a situation in which a tie has resulted in a finding as to disability *and* the cause of disability, but a situation in which a tie is no longer operative by virtue of a tie breaker being cast by the police commissioner's representative. Thus an anomalous situation has been created, i.e., one in which the tie breaker has determined the existence of disability but has specifically left open the issue of causation. Under these circumstances there is clearly no finding by the board as to causation. Accordingly, the judgment, Supreme Court, New York County, entered September 20, 1977, denying petitioner's motion for a judgment annulling and setting aside the determination of respondent board of trustees of the police pension fund, which denied petitioner's application for accident disability retirement while at the same time granting ordinary disability retirement, should be reversed, on the law, and petition granted, without costs and disbursements, to the extent of remanding the matter to respondent board of trustees with a direction that it make an independent finding of the cause of petitioner's disability.