■ In the Matter of JOHN A. GAMBARDELLA, Appellant, v ROBERT J. McGUIRE, as Police Commissioner of the City of New York and as Chairman of the Board of Trustees of the Police Pension Fund of the City of New York (Article III), et al., Respondents.—Judgment, Supreme Court, New York County, entered June 13, 1978, which in this article 78 proceeding granted the petition only insofar as to amend the caption by substituting the present police commissioner for the previous police commissioner as party respondent, and otherwise denied the relief requested, reversed, on the law, and remanded for further proceedings and an independent finding as to the question of a causal connection between the alleged disabling mental condition of the petitioner and his line of duty accident, without costs. The petitioner, a former New York City policeman, was injured in a line of duty automobile accident in 1966. Some six and a half years later, he applied for accidental disability retirement. The police department medical board reported to the Board of Trustees of the Police Pension Fund of the City of New York that the petitioner was unsuited for police duty and should be retired on ordinary disability instead of the accidental disability retirement requested. The board of trustees divided evenly six to six, followed by the article 78 proceeding initiated by the petitioner to challenge the denial of the service-connected disability pension. Mr. Justice Samuel Rosenberg remanded so that the medical board could make findings as to the cause of

the mental condition. The petitioner had additional problems as to obesity and a low back syndrome. The medical board then conducted a review of petitioner's case and reiterated its earlier findings that there was no evidence of a relationship between the low back condition and the line of duty injury in 1966, but referred the matter to a specialist, psychiatrist, for an opinion as to a relationship of the mental condition. The specialist found that at the time of his examination in 1977, there was no evidence of a personality disturbance being the mental condition. Based on this finding, the medical board reported to the board of trustees that there was no evidence to support the petitioner's position, and the board of trustees again rejected his application by a vote of six to six. We cannot require that the board state the exact cause of the disability. (See *Matter of Walsh v Codd,* 68 AD2d 805.) Nor would there be any purpose in asking the board of trustees, which has twice divided evenly, to further consider the matter. (See *Matter of Gabos v Codd,* 69 AD2d 785.) However, we here find that the specialist's determination that there was no present personality disturbance did not really comply with the unappealed decision of Mr. Justice Samuel Rosenberg, which remanded for a determination as to whether the mental condition at the time of disability retirement in 1975, was related to the 1966 line of duty accident. Accordingly, we remand for that purpose. Concur —Kupferman, J. P., Fein, Sullivan and Markewich, JJ.