OPINION OF THE COURT
Roger J. Miner, J.
This is a proceeding pursuant to CPLR article 78 to review determinations of respondent Public Service Commission. By those determinations, petitioner Long Island Light *877 ing Company was directed to reduce its utility charges to certain religious organizations from the commercial rate to the residential rate and to refund excess charges.
By order dated December 28, 1978, respondent directed petitioner to afford Hicksville Jewish Center electric and gas services at the domestic rate. The order was made following a PSC proceeding which originated in a complaint by Hicksville. By a separate letter dated December 28,1978, respondent directed petitioner to “take steps to bring its practices in regard to other religious bodies similarly situated to Hicksville into conformity” with the order of December 28.
Thereafter, petitioner submitted a list of 104 customers considered to be entitled to the domestic rate. These customers had been billed at the commercial rate, according to petitioner, because of misclassification. Also submitted was a list of 279 additional customers eligible for the domestic rate by virtue of the Hicksville determination. Although petitioner proposed to transfer both groups to the domestic rating, it proposed a six-year retroactive refund only for the 104 customers denied the rate due to employee error.
By letter dated May 14,1979, the respondent rejected the proposed distinction between the two groups of ratepayers and, by order dated November 27, 1979, directed petitioner to submit a plan for making six-year retroactive refunds to the additional 279 customers. On December 21, 1979, petitioner requested a rehearing relative to the Hicksville determination and the request was denied on February 19, 1980. There ensued the proceeding at bar, commenced on March 31, 1980.
At the outset, it must be noted that respondent’s interpretation of section 76 of the Public Service Law is correct. The statute provides that the rates charged to domestic consumers of gas or electricity shall be applied to services rendered to “any corporation or association organized and conducted in good faith for religious purposes”, provided such services are “utilized exclusively in connection with such religious purposes”. Exclusive use in the sense contemplated by the statute means primary use in furtherance of the religious organization’s purposes. (Cf. *878 Matter of Shrine of Our Lady of Martyrs v Board of Assessors, 40 AD2d 75.) The test is whether the use of the services is reasonably incidental to religious purposes. (Cf. People ex rel. Watchtower Bible & Tract Soc. v Haring, 8 NY2d 350; Matter of Chautauqua Inst. v Town of Chautauqua, 35 AD2d 1.) The use of a portion of the Hicksville Center’s premises by outside catering organizations from time to time, for example, does not preclude the application of the domestic rate. In any event petitioner’s challenge to the Hicksville determination is barred by the Statute of Limitations. (CPLR 217.) The application for a rehearing was not made until December 21, 1979, more than 30 days after the order of December 28,1978. (Public Service Law, §22.) Accordingly, a review of that determination is time barred. (Matter of Fiore v Board of Educ., 48 AD2d 850, affd 39 NY2d 1016; Matter of Swierupski v Korn, 69 AD2d 632.)
The proceeding at bar is timely as to the order directing six-year retroactive refunds to the 279 customers on petitioner’s second list. That order was made on November 27,1979, the rehearing was requested on December 21,1979 and denied on February 19,1980, and the proceeding at bar was commenced on March 31,1980. However, it is the opinion of the court that respondent had no authority to order the retroactive refunds. The power to fix rates is prospective only. (Public Service Law, § 66, subd 5; cf. Matter of Burke v New York State Public Serv. Comm., 47 AD2d 91.) The circumstances under which refunds may be ordered are enumerated by statute. (Public Service Law, § 66, subd 18; § 113.) There is no statutory authority to order refunds under the circumstances presented in this proceeding. The rule of statutory construction — expressio unius est exclusio alterius — should be applied. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 240.) The “necessary or proper” provision respecting the powers of the Public Service Commission (Public Service Law, § 4, subd 1) does not serve to confer the powers claimed by respondent here.