In the Matter of AUBREY J. BELNAVIS, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1B PENSION SYSTEM, by John T. O'Hagan, Chairman, et al., Respondents.

First Department, January 7, 1982

**APPEARANCES OF COUNSEL**

*Richard Imbrogno* of counsel (*Murray A. Gordon* and *Stephen A. Stein* with him on the brief; *Gordon & Shechtman, P.C.,* attorneys), for appellant.

*Michael Gage* of counsel (*Carolyn E. Demarest* on the brief; *Allen G. Schwartz, Corporation Counsel,* attorney), for respondents.

**OPINION OF THE COURT**

FEIN, J.

Petitioner, a lieutenant and 28-year veteran of the New York City Fire Department, underwent a cardiopulmonary stress test in 1975, analysis of which in 1976 revealed the

possible existence of cardiac arythmias. Petitioner was found to be suffering from chronic obstructive lung disease, reducing him to 61% of respiratory normalcy. As a result, the department's medical board concluded that petitioner was unfit for fire fighting duties, and recommended he be placed on limited service status.

Petitioner subsequently applied for line-of-duty disability retirement, claiming the benefit of the presumption of a service-connected heart or lung disease (General Municipal Law, § 207-k; New York City Administrative Code, § B19-7.84.1). In connection with this application the medical board referred petitioner for examination to Dr. Ribaudo, a pulmonary specialist, and Dr. Vitale, a cardiologist. Based on their own testing and petitioner's prior medical history, these specialists concluded that petitioner was not abnormally suffering from any disabling disease, and recommended against any kind of retirement. The specialists further rejected petitioner's assertion that his anxiety over his condition rendered him incapable of performing his duties, thus constituting a disability. Dr. Ribaudo, the pulmonary specialist, stated, "His [petitioner's] concern is more with his heart status than the pulmonary status, and [he] has a fear of sudden death." Dr. Vitale, the cardiologist, found, "He [the petitioner] appears as a somewhat anxious and tense individual during the examination."

The Pension Fund, Article 1B Medical Board, recommended denial of petitioner's application for an accidental disability retirement and the granting of the commissioner's application to retire petitioner with an ordinary disability pension based on a non-service-connected "chronic anxiety state".

Upon review, respondent board of trustees adopted the medical board's recommendation by a split vote (*Matter of City of New York v Schoeck,* 294 NY 559).

Petitioner then brought a CPLR article 78 proceeding to vacate this determination and for an order directing retirement with an accident disability retirement allowance.

Justice GELLINOFF at Special Term found that respondent was not arbitrary or capricious in denying a service-

connected disability retirement on the ground of a heart or lung condition. However, he further found there was insufficient evidence to support respondent's *ordinary* disability retirement of plaintiff on grounds of "chronic anxiety". Accordingly, he vacated respondent's determination retiring petitioner with an ordinary disability retirement allowance and remanded the fire commissioner's application for an ordinary retirement allowance to respondent for further proceedings.

As a result of the remand, the medical board arranged for petitioner to be examined by one Dr. Doyle, a board-certified psychiatrist, and Dr. Wentworth-Rohr, a clinical psychologist. These consultants were, in the words of the medical board, "unable to find evidence of chronic or acute anxiety". This was the *only* additional medical evidence obtained as a result of the remand; nevertheless, the medical board adhered to its earlier recommendation that petitioner be involuntarily retired on ordinary disability "by virtue of an underlying anxiety condition" which "would prevent" petitioner's performance of "full fire duties under these stressful conditions."

The board of trustees again concurred by a split vote. (*Matter of City of New York v Schoeck, supra.*)

A supplemental petition was then brought on at Special Term before Justice KIRSCHENBAUM, challenging the sufficiency of evidence underlying this latest administrative determination, and again asking for a line-of-duty disability retirement.

Justice KIRSCHENBAUM concluded that he was bound by the determination of Justice GELLINOFF "that petitioner did not have a heart condition." He found that the purpose of the remand had been to re-examine the question of "petitioner's anxiety neurosis", and that the only new evidence consisted of the negative reports on this point by the independent psychiatrist and psychologist. Nevertheless, he dismissed the petition on grounds that respondent had a right to reject this latest medical evidence and to rely on the "other medical evidence" already in the record prior to the remand, despite the prior ruling of Justice GELLINOFF that such evidence was insufficient to warrant an

ordinary disability retirement on the basis of "chronic anxiety state". It is beyond dispute that the evidence submitted on remand failed to enhance respondent's position. It is plain that the new evidence did not support an involuntary retirement on grounds of chronic anxiety. Manifestly there is still unfulfilled the requirement of evidence sufficient to warrant an ordinary disability retirement. The evidence relied upon had properly been declared insufficient by Justice GELLINOFF and the new evidence did not support respondent's determination.

As set forth in the dissent, the entire interlocutory judgment of Supreme Court, New York County (GELLINOFF, J.), entered June 6, 1977, is raised for review on this appeal (CPLR 5701, subd [b], par 1; *Matter of Leung v Department of Motor Vehicles of State of N. Y.,* 65 AD2d 736; CPLR 5501, subd [a], par 1; see *Fehlhaber Corp. v State of New York,* 63 AD2d 1038).

We all agree with Justice GELLINOFF's determination that respondent was not arbitrary and capricious in denying petitioner a service-connected disability retirement. No basis appears in this record to disturb that conclusion which was properly based upon the advice and recommendation of the medical board, founded upon competent medical evidence (*Matter of McGovern v Lowery,* 39 AD2d 518, affd 32 NY2d 954).

The majority also agree that Justice GELLINOFF properly vacated respondent's determination granting ordinary disability retirement and appropriately remanded the proceeding because of insufficient evidence to support the conclusion that petitioner was disabled as the result of a "chronic anxiety state". The board's original determination had been premised upon the pulmonary specialist's statement that petitioner had a "fear of sudden death" and the cardiologist's statement that petitioner was "anxious and tense * * * during the examination." As Justice GELLINOFF held, this was hardly sufficient on which to found a disability retirement for "chronic anxiety state".

The dissent concludes that these two side comments by the two doctors are sufficient when coupled with the observation of the medical board that petitioner was "anxious

and tense, and beyond what is ordinarily noted at these interviews." The dissent gives no weight to the fact that on remand, as noted, the sole additional evidence before the medical board consisted of the reports of the board's psychologist and psychiatrist, which the board itself found to be negative. The dissent ignores the only competent evidence on the issue before the board. There was no evidentiary basis for the board's renewed determination that petitioner was entitled to an ordinary disability retirement as a result of a "chronic anxiety state", nor for the determination by Justice KIRSCHENBAUM contrary to that of Justice GELLINOFF. The side comments of the pulmonary specialist and the cardiologist were hardly the equivalent of the testimony of the neurologist found competent in *Fuller v Preis* (35 NY2d 425, 431), relied upon by the dissent.

While the medical board was free to come to any conclusion supported by medical evidence before it, the board could not disregard the only competent evidence on the issue before it (*Matter of Weisman v Teachers' Retirement Bd. of City of N.Y.,* 23 AD2d 113). There must be some "credible evidence to support the findings" (*Matter of Drayson v Board of Trustees of Police Pension Fund of City of N.Y.,* 37 AD2d 378, 380, affd 32 NY2d 852). Here there was none.

Further examination of petitioner and additional medical evidence may be required to arrive at a determination. The board is not required to determine the specific cause of a disabling condition, other than whether it is service-connected (*Matter of Walsh v Codd,* 68 AD2d 805). However, there must be competent credible evidence as to the existence of any disability found (*Matter of Drayson v Board of Trustees of Police Pension Fund of City of N.Y., supra; Matter of Schweitzer v Codd,* 63 AD2d 66).

Accordingly, remand is required.

The judgment, Supreme Court, New York County (KIRSCHENBAUM, J.), entered May 15, 1980, dismissing petitioner's supplemental article 78 petition seeking to have respondent's determination to retire him on ordinary disability annulled, should be reversed on the law without costs, the judgment vacated and the determination of the

board of trustees annulled only to the extent that it directed petitioner's retirement on ordinary disability and the petition is granted only to the extent of remanding the proceeding to the board of trustees for further proceedings in accordance with this opinion to determine whether petitioner should be retired on ordinary disability.

MURPHY, P. J. (dissenting in part). This appeal raises for review the interlocutory judgment of the Supreme Court, New York County (GELLINOFF, J.), entered June 6, 1977. (CPLR 5701, subd [b], par 1; *Matter of Leung v Department of Motor Vehicles of State of N. Y.*, 65 AD2d 736; 7 Weinstein-Korn-Miller, NY Civ Prac, par 5701.26a.) Therefore, we must now consider the questions of whether (i) the petitioner is entitled to an accidental disability pension and (ii) there is substantial evidence to support the board of trustees determination that the petitioner should be retired on ordinary disability due to his "chronic anxiety state". In answering these questions, we are not bound by any of the decisions made at Special Term but are free to consider all the evidence in the record.

With regard to the first question, conflicting medical evidence was presented as to whether the petitioner was suffering from heart and lung disabilities. The board of trustees determination, that the petitioner was not suffering from such disabilities, was based upon the advice and recommendation of the medical board. Consequently, it cannot be said that the board of trustees acted arbitrarily or capriciously in denying the petitioner an accidental disability pension (*Matter of McGovern v Lowery*, 39 AD2d 518, affd 32 NY2d 954).

In reference to the second question, the majority concludes that the only competent evidence, as to whether the petitioner suffered from anxiety, was embodied in the reports of psychiatrist Doyle and psychologist Wentworth-Rohr. However, a doctor may testify as to an individual's mental condition even though the doctor is not a psychiatrist. (*Fuller v Preis*, 35 NY2d 425, 431; Fisch, New York Evidence [2d ed, 1977], § 428, p 279.) The fact that a doctor is not a psychiatrist only goes to the weight of his testimony, not to its competency (*Citarella v Equitable Life Assur. Soc.*, 59 NYS2d 215, 216). Therefore, the comments

of Doctors Vitale and Ribaudo as well as the medical board's own observations are competent evidence as to the issue of anxiety.

The more narrow issue is whether that evidence formed a substantial evidentiary predicate for the board of trustees determination to retire the petitioner on ordinary disability. As the majority observes, the reports of Doctors Ribaudo and Vitale tended to establish that the petitioner was suffering from anxiety. Moreover, the medical board examined the petitioner on six different occasions. Upon the basis of its independent examinations, the medical board also concluded that the petitioner was "anxious and tense, and beyond what is ordinarily noted at these interviews." The three-member medical board, on a subsequent occasion, stated that the petitioner had a chronic anxiety state based upon a compensation neurosis which would effectively prevent him from fulfilling his duties as a fire lieutenant.

The evidence contained in this record is typical of that presented in many cases before the medical board. Very frequently, the medical board and its specialists are unable to find objective manifestations of the claimed line-of-duty disability. Nonetheless, the medical board often recommends that an applicant be retired on ordinary disability for various "ill-defined" conditions that sometimes border upon the psychosomatic (see, e.g., *Matter of Drayson v Board of Trustees of Police Pension Fund of City of N.Y.,* 37 AD2d 378, affd 32 NY2d 852). From necessity, the members of the medical board have developed an expertise in processing applications. Through experience, the medical board does and must be expected to differentiate between the real and the imaginary disability, and between physical and psychological trauma.

Against this background, the opinion of the medical board that the petitioner was suffering from anxiety constitutes substantial evidence. Furthermore, the medical board was not required to identify the cause of that anxiety (*Matter of Drayson v Board of Trustees of Police Pension Fund of City of N.Y.,* 37 AD2d 378, 381, affd 32 NY2d 852). The board of trustees did not act arbitrarily or capriciously in relying upon the substantial evidence embodied

in the medical board's opinion that the petitioner suffered from anxiety.

The judgment of the Supreme Court, New York County (KIRSCHENBAUM, J.), entered May 15, 1980, dismissing the petition, should be affirmed.

KUPFERMAN and LYNCH, JJ., concur with FEIN, J.; MURPHY, P.J., and SANDLER, J., dissent in part in an opinion by MURPHY, P.J.

Judgment, Supreme Court, New York County, entered on May 15, 1980, reversed on the law, without costs and without disbursements, the judgment vacated and the determination of the board of trustees annulled only to the extent that it directed petitioner's retirement on ordinary disability and the petition granted only to the extent of remanding the proceeding to the board of trustees for further proceedings in accordance with the opinion filed herein to determine whether petitioner should be retired on ordinary disability.