OPINION OF THE COURT
Burton S. Sherman, J.
In this article 78 proceeding, petitioner seeks to annul the determination of the respondent, the Board of Trustees of the Police Pension Fund, Article II (hereinafter Board of Trustees), denying him an accidental disability pension and granting him an ordinary disability instead.
Petitioner, a police officer, was injured while removing barriers at a concert in Central Park, when he caught the heel of his shoe in a grating, lost his balance and twisted and injured his back. The Medical Board of the respondent examined the petitioner at the request of the Police Commissioner and found him disabled by “low back derangement with radiculopathy”. The Medical Board recommended retirement for accidental disability. The Board of Trustees, thereafter, in reviewing the application denied accidental disability and ultimately granted an ordinary disability pension to petitioner. The respondent’s determination was based upon the finding that the petitioner did not have an accidental injury within the meaning of sec *441 tian B18-43.0 of the Administrative Code of the City of New York.
The petitioner relies upon the case of Matter of Lichtenstein v Board of Trustees of Police Pension Fund, of Police Dept, of City of N. Y., Art. II (Index No. 2166/80, Supreme Ct, NY County, Freedman, J., affd 85 AD2d 931) contending that it clearly supports the argument of petitioner, that a police officer injured while on police duty as the result of an unexpected happening is entitled to accidental disability retirement. In Lichtenstein, a police officer sustained a herniated disc injury when leaning over the hood of an auto to place a parking ticket on its windshield. The Medical Board certified to the Board of Trustees that the officer should be retired for accidental disability, the Board of Trustees disapproved accidental disability, finding that the officer did not have an accidental injury within the meaning of the Administrative Code. Special Term, contrary to the contentions of the petitioner in this case, never considered the question of whether this determination was arbitrary or capricious. Rather, it found that the Board of Trustees was limited in its review of the findings of the Medical Board, to a determination of whether the applicant’s disability was incurred in the line of duty and that since the Medical Board certified the officer should be retired for accidental disability, the Board of Trustees “acted capriciously and unreasonably” in failing to so certify. While the Appellate Division affirmed Special Term without opinion, this court does not feel constrained by that affirmance, as an appellate court’s affirmance of a judgment is not necessarily to be considered as an adoption of the reasons stated by the lower court in its opinion. (See Standard Acc. Ins. Co. v Marks, 233 App Div 466.)
The Board of Trustees may rely on the findings of its Medical Board, especially in regard to whether an applicant is disabled however, it is ultimately up to the Board of Trustees to determine whether or not a police officer has met the requirements of section B18-43.0 of the Administrative Code. (See Matter of Schweitzer v Codd, 63 AD2d 66.)
In the case before this court, the Board of Trustees has found that the petitioner was a member of the Police *442 Pension Fund, that he was physically incapacitated for the performance of city service, as the Medical Board determined, and that the accident was sustained while in the performance of duty. The board however has determined that petitioner is not entitled to accidental disability retirement in that the injury was the result of a performance of an ordinary duty and not the result of an accident.
The term “accident” is not defined by the Administrative Code. There are numerous court decisions defining “accident”, however this court does not profess to have the same expertise of the Board of Trustees, in determining what is or is not an accident under section B 18-43.0 of the Administrative Code. A conclusion that an accident did not occur cannot be annulled by a court, where the administrative agency’s determination is made in the reasonable exercise of discretion. (See Matter of Croshier v Levitt, 5 NY2d 259.) This court finds that the respondent’s determination is neither arbitrary nor capricious, accordingly, the petition is dismissed.