■ In the Matter of HOLLISWOOD CARE CENTER, Appellant, v DAVID AXELROD, as Commissioner of the Department of Health of the State of New York, Respondent. — Appeal from that part of a judgment of the Supreme Court at

Special Term (Williams, J.), entered December 31, 1980 in Albany County, which dismissed a portion of petitioner's application, in a proceeding pursuant to CPLR article 78, demanding a judgment directing respondent to recompute its Medicaid reimbursement rates, or in the alternative, for a hearing on said issue. Petitioner is a licensed residential health care facility seeking to challenge its Medicaid reimbursement rates for 1975 through 1977. Dissatisfied with the revision of those rates made by the Division of Health Care Financing, petitioner, by letter dated March 1, 1978, filed a request for further administrative review in accordance with the applicable administrative procedures. The procedures in effect at that time[1] provided for review by a "rate review board" which would make a recommendation to the commissioner. The commissioner was empowered to make the final determination. By regulation effective April 1, 1978, the procedures for administrative review of Medicaid reimbursement rates were changed (10 NYCRR 86-2.14 [b]). The rate review board was abolished and the appeal procedure changed to an evidentiary hearing before a referee, who then makes a recommendation. The final determination continues to be made by the commissioner. The regulation provides that: "The procedure set forth in this subdivision shall apply to all applications for rate reviews which are pending as of April 1, 1978. Rate appeals filed prior to April 1, 1978 will not be required to be resubmitted subsequent to April 1, 1978" (10 NYCRR 86-2.14 [b] [4]). By letter dated April 14, 1978, petitioner was informed by the secretary of the rate review board that its administrative appeal had been denied. The letter stated: "The above noted request for rate revision was reviewed by the Division of Health Care Financing, and presented to the Rate Review Board on March 30, 1978. The recommendation of the Board was subsequently considered by Mr. Berman,[2] who rendered the following decision: Both appeals * * * were handled properly by the Division of Health Care Financing. Thus, no adjustment is warranted." It being petitioner's position that its application for a rate review was still pending as of April 1, 1978, petitioner commenced this CPLR article 78 proceeding on January 2, 1980 for a judgment directing respondent to recompute its Medicaid reimbursement rate or, alternatively, afford it a hearing pursuant to the new regulation. Respondent, on the other hand, believing that petitioner's application had been finally decided prior to April 1, 1978, moved to dismiss the petition on the grounds that it was time barred and failed to state a cause of action. Special Term, apparently agreeing with petitioner's contention that its administrative appeal was not decided by the commissioner prior to April 1, 1978, applied the new regulation to this matter. However, rather than ruling that petitioner was entitled to a hearing as provided for in the appeal procedures (10 NYCRR 86-2.14 [b] [1]), Special Term found that petitioner had failed to request such a hearing and, in accordance with the terms of the new regulation (*id.*), the revision of petitioner's rates by the Division of Health Care Financing had become final. Special Term thus dismissed that portion of petitioner's application seeking to challenge its reimbursement rates for the period from October 1, 1975 through March 31, 1977.[3] This appeal by petitioner ensued. That portion of Special Term's

1. Not formally promulgated as a regulation, the procedures can be found in the Department of Health's Hospital Memorandum No. 76-132, dated December 15, 1976.

2. Richard A. Berman is Director of the Office of Health Systems Management and has been designated by the Commissioner of Health to make determinations as his agent (see Public Health Law, § 206, subd 8).

3. That portion of the petition dealing with petitioner's Medicaid rates for the period of April 1, 1977 through December 31, 1977 was not dismissed due to Special Term's finding that a hearing had been timely requested as to that period. Accordingly, a hearing as to this period was directed to be held within 45 days.

judgment which dismissed part of the petition in this proceeding must be reversed. Petitioner cannot be faulted for failing to request a hearing under the terms of the new regulation since that regulation specifically provided that rate appeals filed prior to April 1, 1978 and pending on that date would not have to be resubmitted (10 NYCRR 86-2.14 [b] [4]). By submitting its application on March 1, 1978 to review the determination made by the Division of Health Care Financing, petitioner had already indicated its desire for further administrative review. Having done so, petitioner should be deemed to have asked for a hearing before a referee under the new regulation and should not be required to formally request one, as would facilities whose applications were filed after April 1, 1978 and who had not already expressed their intention to pursue their administrative remedies. In our view, the crucial issue in this proceeding, which was not addressed by Special Term, involves whether petitioner's application of March 1, 1978 was in fact pending as of the new regulation's effective date of April 1, 1978. If it was, then petitioner's failure to commence this article 78 proceeding within four months after receiving the April 14, 1978 letter from the rate review board's secretary can be excused since there was no "final and binding determination" from a person or body authorized to act which could start the Statute of Limitations running (see *Matter of Fiore v Board of Educ. Retirement System of City of N. Y.,* 75 Misc 2d 341, 345, revd on other grounds 48 AD2d 850, affd 39 NY2d 1016). If, on the other hand, petitioner's rate appeal was finally determined by the commissioner prior to April 1, 1978, even though this determination was not conveyed to petitioner until afterwards, then the application was not pending as of April 1, 1978 and petitioner was not entitled to the hearing afforded by the new regulation. Also, and most important, if the commissioner acted prior to April 1, 1978, then the letter informed petitioner of a valid administrative final determination which would commence the four-month Statute of Limitations. At oral argument of this appeal the parties stipulated that Richard Berman, acting on behalf of the commissioner, made his final determination in this matter on April 11, 1978.[4] Petitioner's application was thus not finally decided by April 1, 1978 and was pending when the new administrative review procedures went into effect. Accordingly, Special Term erroneously dismissed a portion of petitioner's application. Respondent's motion to dismiss should have been denied and the petition must now be reinstated. Judgment modified, on the law, by reversing so much thereof as dismissed a portion of petitioner's application, petition reinstated and matter remitted to Special Term for further proceedings not inconsistent herewith, and, as so modified, affirmed, with costs. Mahoney, P. J., Sweeney, Yesawich, Jr., and Weiss, JJ., concur.

Casey, J., dissents and votes to affirm in the following memorandum. Casey, J. (dissenting). I cannot agree with the majority that the change in the rules and regulations (10 NYCRR 86-2.14 [b]), effective April 1, 1978, should *ipso facto* extend by almost 17 months (Aug. 4, 1978 to Jan. 2, 1980) petitioner's time in which to bring a proceeding to challenge its Medicaid reimbursement rate for the period from October 1, 1975 to March 31, 1977. Accordingly, I dissent. The major change effected by the amendment was to abolish the rate review board in the second stage of the administrative review procedure and substitute therefor a hearing presided over by a hearing officer. The amended

4. Despite being the only party capable of producing any evidence regarding the date on which the commissioner acted upon petitioner's application, respondent chose not to inform this court of that fact until oral argument. In his brief, respondent tried to rely on the presumption of regularity normally given to officials acting in their official capacity to support his contention that his approval of the rate review board's recommendation occurred prior to April 1, 1978.

regulations (10 NYCRR 86-2.14 [b] [1]) clearly provide in regard to such hearing that "The affirmation or revision of the rate upon * * * staff review shall be final, *unless within 30 days of its receipt a hearing is requested*" (emphasis added). This amendment, effective April 1, 1978, governed petitioner from that date as it governed all applicants. Therefore, even considering petitioner's application as pending on April 1, 1978, the amendment plainly required petitioner to take the affirmative action of requesting the hearing now provided it, within 30 days of the affirmation of the rate. In petitioner's case this must be measured from April 14, 1978, the date of the letter which stated "no adjustment [in petitioner's rate] is warranted". This determination by an authorized agent of the commissioner was the determination of the commissioner himself, as it must be under the amendment as well as under the former procedure. The tenor of the April 14 letter leaves no doubt about the finality of the determination made. Therefore, if petitioner wanted a hearing after the amendment became effective, it should have requested one within 30 days of that final determination. If petitioner did not desire such hearing, but rather wished to bring an article 78 proceeding attacking the determination, then it had four months from April 14, 1978 in which to do so. However, petitioner should not be permitted to do nothing and then, almost two years later, claim that the determination that was made by the commissioner on April 14, 1978 was nonfinal for failure to grant, after the amendment, the hearing that petitioner did not request. This being so, petitioner cannot be heard to complain of a plight that was of its own making. On substantially this same rationale, Special Term dismissed that part of petitioner's application seeking review of its rate from October 1, 1975 to March 31, 1977, as untimely, and its judgment should be affirmed.