■ In the Matter of JOHN C. THOMAS, Respondent, v JAMES J. McGRATH, as Director of the Department of Planning and Development, Building Division, of the Town of Islip, Appellant. — In a proceeding pursuant to CPLR article 78 to compel the Director of the Department of Planning and Development, Building Division, Town of Islip, to issue a building permit to petitioner, the director appeals from a judgment of the Supreme Court, Suffolk County (Corso, J.), dated February 17, 1982, which granted the application. Judgment reversed, on the law, and proceeding dismissed, with costs. Petitioner, a 28-year-old self-employed roofing contractor, brought this proceeding to obtain a fire damage repair permit for a nonconforming wood-frame rooming house erected

in approximately 1920. He had purchased the property for $30,000 on August 1, 1977 following a January 28, 1977 fire. Replacement cost was approximately $110,800, and the parties variously estimated the repair cost at $33,000 or $45,000 (petitioner) or $88,000 (appellant). On November 21, 1977 appellant's predecessor provisionally denied petitioner's application made on or about September 9, 1977 because the expected repair costs exceeded half the structure's replacement cost and therefore repairs would have to conform with the State Building Construction Code as adopted by the town in 1938 and 1969. Upon receipt of an engineering report confirming the estimated costs, the determination was made final in a letter to petitioner dated April 4, 1978, which also informed him that the structure had to be repaired as a single-family home or be removed within 30 days as a safety hazard. Nothing in the record or briefs on appeal indicate that petitioner took any further action toward obtaining the necessary permit, despite a December 12, 1978 warning that the property constituted a nuisance, until he submitted a second application on December 11, 1979, more than 20 months after his first application had finally been denied. Several days later appellant's predecessor returned the application and the check tendered in payment of the filing fee, with the explanation that the matter had previously been determined adversely to petitioner. On May 1, 1980 petitioner resubmitted the application for "reconsideration", enclosing as additional information an engineering report to demonstrate that repair costs would not exceed half the replacement cost. Petitioner met with the same response a few days later. Petitioner then commenced this proceeding to compel the appellant to issue the requested permit. The Supreme Court, Suffolk County (Jones, J.), by nonfinal order dated July 15, 1980, sustained appellant's objection in point of law to the extent that it determined that review of petitioner's first two applications was time barred. It nevertheless found that proceeding timely as to petitioner's third application and directed appellant to answer. By order dated January 28, 1981, the Supreme Court, Suffolk County (Gowan, J.), then directed appellant to "accept and consider" the third application. Appellant's determination, dated April 8, 1981, denied the application on the original ground as well as on the ground that subdivision B of section 68-15 of the Islip Town Code forbade any continuation of a nonconforming use if such use had been discontinued for one year or more (see *Matter of Prudco Realty Corp. v Palermo,* 93 AD2d 837). Petitioner then applied for an order directing appellant to grant him the requested permit, arguing again that the repair costs would not exceed half the replacement cost and that he had never intended to discontinue the nonconforming use. After a hearing, the Supreme Court, Suffolk County (Corso, J.), noted in its memorandum decision that both of petitioner's repair cost estimates were less than half the structure's replacement cost, but it made no finding of fact as to whether the petitioner's or appellant's estimates were more accurate. Instead, the court ruled that appellant and his predecessor had acted in an arbitrary fashion because the evidence clearly showed that support for their decision had been assembled after their decision had been made. The court further ruled that petitioner's discontinuance of the nonconforming use had been occasioned by appellant's adverse determinations on his permit applications, and therefore could not serve as a basis for such determinations. We need not address the correctness of these findings. The appeal from the judgment directing appellant to issue a permit to petitioner, brings up for review the nonfinal orders made July 15, 1980 and January 28, 1981 (CPLR 5501, subd [a], par 1; see *Matter of Belnavis v Board of Trustees of N. Y. City Fire Dept., Art. 1B Pension System,* 84 AD2d 244, 247). As appellant correctly argues in his brief on appeal, petitioner's applications in December, 1979 and May, 1980 constituted nothing more than unsuccessful requests for reconsider-

ation of the original determination made in the matter on April 4, 1978. They did not toll the four-month limitation period of CPLR 217 that ran from that date (see *Matter of De Milio v Borghard,* 55 NY2d 216, 221-222; *Matter of Trivedi v State Bd. of Law Examiners,* 86 AD2d 719; *Matter of Fiore v Board of Educ. Retirement System of City of N. Y.,* 48 AD2d 850, affd 39 NY2d 1016). Petitioner's proceeding was time barred and appellant's objection in point of law should have been sustained in its entirety. The judgment, therefore, is reversed and the proceeding dismissed. Mangano, J. P., O'Connor, Brown and Rubin, JJ., concur.