Matter of Salvia v Bratton (2018 NY Slip Op 02027)





Matter of Salvia v Bratton


2018 NY Slip Op 02027


Decided on March 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2018

Renwick, J.P., Manzanet-Daniels, Kahn, Kern, Singh, JJ.


6087 102109/15

[*1]In re Victor Salvia, Petitioner-Respondent,
v
William Bratton, etc., et al., Respondents-Appellants.


Zachary W. Carter, Corporation Counsel, New York (Max O. McCann of counsel), for appellants.
Chet Lukaszewski, P.C., Garden City (Chester Lukaszewski of counsel), for respondent.



Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered December 28, 2016, granting the petition brought pursuant to CPLR article 78 to annul respondent Board of Trustees' determination, dated September 16, 2015, which denied petitioner accident disability retirement benefits, and directing the Board of Trustees to award petitioner such retirement benefits, unanimously affirmed, without costs.
Petitioner met his burden of establishing that he was entitled to accident disability retirement benefits by presenting the reports of the surgeon who performed his spinal surgery, the emergency room report indicating head injury and neck pain, and contemporaneous line-of-duty injury and follow-up physician reports indicating neck pain and cervical trauma (see Matter of Doorley v Kelly, 106 AD3d 554 [1st Dept 2013], lv denied 22 NY3d 858 [2014]). Although a decision by the Board of Trustees that a disability was not caused by a service-related accident will be
upheld provided it is supported by "credible evidence" (Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1—B Pension Fund, 90 NY2d 139, 147 [1997]), the Board of Trustees' determination that petitioner's January 2008 accident was not causally related to his injury based on a two-year gap in treatment was conclusory. While the Medical Board "was free to come to any conclusion supported by medical evidence before it, the board could not disregard the only competent evidence on the issue before it" (Matter of Belnavis v Board of Trustees of N.Y. City Fire Dept., Art. 1B Pension Sys., 84 AD2d 244, 248 [1st Dept 1982], appeal dismissed 56 NY2d 645 [1982]). Both the Medical Board and the Board of Trustees failed to refute the surgeon's documented opinion that the 2008 accident aggravated petitioner's degenerative disc condition, or offer an alternative trigger. They also failed to refute the surgeon's opinion that petitioner had presented and been misdiagnosed with carpal tunnel syndrome, or address the Board of Trustees' own notes indicating that during the treatment gap, petitioner continued to take muscle relaxants and anti-inflammatories previously prescribed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 22, 2018
DEPUTY CLERK