■ In the Matter of LAUREL S. JOHNSTON, Appellant, v DAVID G. CURRY, as Commissioner of the Hamilton County Department of Social Services, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered August 2, 1978 in Fulton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to review the determination of the State Department of Social Services which affirmed the Hamilton County Department of Social Services' denial of medical assistance to petitioner. On March 14, 1977, the Hamilton County Department of Social Services denied petitioner's application for medical assistance on the ground that petitioner had $19,300 in resources which was withdrawn from her bank account within the preceding year. Following a fair hearing, this determination was affirmed by the New York State Department of Social Services on June 21, 1977. By letter dated August 22, 1977, petitioner's attorney requested the State Commissioner of Social Services to reconsider the affirmance of the denial of petitioner's application. This request to reopen the hearing and reconsider the matter was denied by a letter dated September 26, 1977. On October 31, 1977, petitioner

commenced the instant article 78 proceeding seeking review of the determinations made by both the State and county agencies. Following a motion made by the State commissioner, Special Term dismissed the petition on the ground that it was barred by the Statute of Limitations. Since CPLR 217 provides that a proceeding against a body or officer must be commenced within four months "after the determination to be reviewed becomes final and binding upon the petitioner", it is of crucial importance in this case to determine at what point the Statute of Limitations began to run. Petitioner's contention that the four-month period began to run on September 26, 1977 when the State Department of Social Services refused to reconsider the application is without merit. The decision became final on June 21, 1977 when it had an actual impact on petitioner (*Matter of Gargiul v Board of Educ.*, 54 AD2d 1085, mot for lv to app den 41 NY2d 802). In the absence of a statutory right to further proceedings, mere negotiations attempting to reopen a matter for further consideration will not extend the time in which to seek review (*Matter of Davis v Anderson*, 51 AD2d 528, mot for lv to app den 39 NY2d 707; *Matter of Fiore v Board of Educ.* 48 AD2d 850, affd 39 NY2d 1016). Accordingly, the judgment of Special Term must be affirmed since petitioner did not commence this proceeding within four months of the June 21, 1977 administrative determination. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Mikoll, JJ., concur.