■ In the Matter of ROSLYN F. SEIDNER, Respondent, v TOWN OF COLONIE, BOARD OF ZONING APPEALS, Appellant.—Appeal, by permismission, from an order of the Supreme Court at Special Term, entered October 10, 1979 in Albany County, which, in a proceeding pursuant to CPLR article 78, denied a motion by respondent to dismiss the petition. On April 17, 1978 petitioner was notified that a four-unit apartment building that she had purchased in February, 1978, was in violation of the Town of Colonie zoning ordinance, which permitted only one-family dwellings in the area in which the building was located. Petitioner applied to the board of zoning appeals for a variance based on her contention that the building constituted a prior nonconformance use. After a public hearing, the board, in a decision filed March 21, 1979, granted a variance from the strict application of the ordinance to the extent that petitioner was directed to convert the building to a three-unit dwelling when the next apartment became available or within three years of the date of the decision, whichever occurred first. Petitioner continued to negotiate with the board in an effort to persuade it to change its ruling. In letters dated May 24, 1979 and August 1, 1979, petitioner was advised that the board would adhere to its original decision and that submission of further data was not necessary. Petitioner commenced this CPLR article 78 proceeding on July 13, 1979 and the board moved to dismiss the petition on the ground that the proceeding had not been commenced within 30 days of the filing of the board's decision as required by subdivision 7 of section 267 of the Town Law. Special Term denied the board's motion, but granted leave to appeal. In denying the board's motion, Special Term reasoned that the decision filed March 21, 1979 was not a final determination subject to CPLR article 78 review in light of the rehearing procedure available to petitioner. Special Term concluded that, since the decision to adhere to the original determination, embodied in the May 24, 1979 letter to petitioner, had not been filed, the 30-day time period in subdivision 7 of section 267 of the Town Law had not run. We disagree with this reasoning and are to reverse. Pursuant to CPLR 7801 (subd 1), an administrative determination is considered nonfinal "where the body or officer making the determination is expressly authorized by statute to rehear the matter *upon the petitioner's application*" (emphasis added). While subdivision 6 of section 267 of the Town Law authorizes the board to rehear the matter "Upon motion initiated by any member and adopted by the unanimous vote of the members present", there is no express statutory authorization for a rehearing upon the petitioner's application.

Moreover, the discretionary power to rehear or reopen matters which exists in nearly all administrative agencies, is not sufficient to render an otherwise final order nonfinal *(Matter of Express Limousine Serv. v Hennessy,* 72 AD2d 864, 865). Thus, determinations of the board such as that filed March 21, 1979 are generally considered final (see, e.g., *Matter of East Fishkill Federation for Environmental Conservation Today v Ward,* 56 AD2d 652), and the 30-day period to commence a CPLR article 78 proceeding runs from the date of filing (Town Law, § 267, subd 7; *Matter of Wolfram v Abbey,* 55 AD2d 700). Turning to the question of whether the board's subsequent conduct in responding to petitioner's attempts to have the matter reconsidered rendered the original determination nonfinal, the courts have consistently held that the making and denial of an application to reconsider an administrative board's determination does not extend the period of limitations within which to seek review of the determination *(Matter of Qualey v Shang,* 70 AD2d 619; *Matter of Fiore v Board of Educ.,* 48 AD2d 850, affd 39 NY2d 1016; *Matter of Davis v Kingsbury,* 30 AD2d 944, affd 27 NY2d 567). Nor, in the absence of a statutory right to further proceedings, will mere negotiations attempting to reopen a matter for further proceedings extend the time within which to seek review *(Matter of Johnston v Curry,* 68 AD2d 991; *Matter of Karaffa v Simon,* 14 AD2d 978). Here, it appears that, after the board's initial determination, petitioner actively sought to have the board reconsider and change its ruling, and there is some indication that the board was reconsidering the matter, but the negotiations terminated without a fresh, complete and unlimited examination into the merits (compare *Matter of Karaffa v Simon, supra,* with *Matter of Camperlengo v State Liq. Auth.,* 16 AD2d 342). Accordingly, Special Term erred in concluding that the determination filed March 21, 1979 was nonfinal. Order reversed, on the law, without costs, motion granted and petition dismissed. Mahoney, P. J., Greenblott, Sweeney, Mikoll and Casey, JJ., concur.