In the Matter of JAMES D. HICKS, Appellant, v WALTER FOGG, as Superintendent of Eastern New York Correctional Facility, et al., Respondents.

Third Department, March 5, 1981

APPEARANCES OF COUNSEL

*Arthur J. Giacalone* for appellant.

*Robert Abrams, Attorney-General (Carl E. Stephen* and *Shirley Adelson Siegel* of counsel), for respondents.

OPINION OF THE COURT

MAHONEY, P. J.

The facts are undisputed. On January 8, 1979, an employee of the Eastern New York Correctional Facility filed an "inmate misbehavior report" against petitioner charging him with "attempted extortion". On January 17, 1979, pursuant to 7 NYCRR Part 253, a superintendent's proceeding was commenced to review the matter and on January 19, 1979 a report was issued which sustained the charge against petitioner. As a result, it was ordered that petitioner be confined to the special housing unit for 120 days and that he forfeit six months of accumulated "good time".

Since petitioner was confined to special housing for more than 30 days, the superintendent's determination was subject to automatic review by the Commissioner of Correctional Services (7 NYCRR 270.2). On February 15, 1979, the commissioner affirmed the superintendent's determination. On February 28, 1979, petitioner made a written application to the Director of Special Housing Programs for the Department of Correctional Services requesting further review of the January 19, 1979 superintendent's proceeding disposition (see 7 NYCRR 270.4). This request was denied on March 26, 1979.

Petitioner commenced a CPLR article 78 proceeding on July 26, 1979 to set aside the affirmance by the commissioner of the superintendent's decision. Respondents moved to dismiss contending that the determination became final and binding on petitioner as of February 15, 1979, the date of the commissioner's ruling, and thus the article 78 proceeding was time barred (CPLR 217). Special Term agreed and dismissed the petition as untimely. We reverse.

◼ Preliminarily, we note that petitioner received a penalty of confinement in a special housing unit for more than 30 days and consequently, the "automatic review" provisions of 7 NYCRR 270.2 were triggered.[1] Respondents contend

---

1. Subdivision (a) of section 270.2 provides, in pertinent part: "A super-

that the commissioner's determination of February 15, 1979, made in accordance with the automatic review procedure, marked the final determination from which the four-month Statute of Limitations of CPLR 217 should be measured. We reject this argument.

It is well established that litigants must " 'exhaust all possibilities of obtaining relief through administrative channels before appealing to the courts' " *(Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371, 375). In the instant case, we recognize that the administrative remedies available to the petitioner by way of the automatic review provided by 7 NYCRR 270.2 were utilized, and were concluded with the commissioner's determination of February 15, 1979. Nevertheless, a separate and distinct regulation then in effect—7 NYCRR 270.4— provided petitioner with yet another administrative remedy. Subdivision (a) of section 270.4, entitled "Review of good behavior allowance decisions", provided "An inmate may *at any time* initiate a review of a decision that has been made with respect to his good behavior allowance, even though such decision is subject to reconsideration in the ordinary course of events (i.e., *loss of time declared in a disposition* made in a superintendent's proceeding or a determination as to an interim allowance), or was made by the commissioner" (emphasis added). In view of the superintendent's decision requiring petitioner to forfeit six months of accumulated good time, it is clear that section 270.4 furnished petitioner with another possible administrative review of the superintendent's original decision, a review which could be initiated at any time.[2] Thus, the existence of section 270.4 precluded the finality of any decision involving loss of good time until its procedural mech-

intendent's proceeding shall be subject to automatic review by the commissioner [*sic*] in any case where the disposition includes one of the following * * * (2) confinement to cell or room or in a special housing unit for more than 30 days."

2. As a result of an "emergency measure" dated May 14, 1980, a request for review pursuant to 7 NYCRR 270.4 may no longer be initiated "at any time", but must be commenced "within 30 days" of an inmate's receipt of a decision affecting good behavior allowance (7 NYCRR 270.4, as amd May 14, 1980). This amendment underscores the ambiguity created by section 270.4. Such an ambiguity should be construed against the Department of Correctional Services (see *Mundy v Nassau County Civ. Serv. Comm.,* 44 NY2d 352, 358-359).

anisms were exhausted. Moreover, there is no attempt within the regulations to explain the relationship between the review provisions of section 270.2 and section 270.4. Thus, the availability of section 270.4 as an alternate administrative remedy which petitioner sought to utilize after relief under section 270.2 was denied persuades us to the view that petitioner did not become aggrieved and the Statute of Limitations did not begin to run against him until his request for a section 270.4 review was denied on March 26, 1979.

We also find unpersuasive Special Term's assertion that the review procedure embodied in section 270.4 is limited to a review of the propriety of the penalties imposed. We discern no such limitation in the scope of review provided by section 270.4. Just as section 270.2 is available to review the merits of the superintendent's decision, so, at the time of this incident, was the review of "good time" provided by section 270.4.

■ Respondents also contend that petitioner failed to give the requisite notice needed to initiate review pursuant to section 270.4 and further that the request was never filed with the commissioner (7 NYCRR 270.4 [b]). In our view, both of these arguments are without merit. The record indicates that petitioner did notify the Director of Special Housing Programs for the Department of Correctional Services of his intention to contest the superintendent's decision after the affirmance by the commissioner. The fact that petitioner may not have designated his request for review as a "section 270.4 request" will not negate the effectiveness of the request since section 270.4 does not delineate such a requirement. Nor do we find error with petitioner's service of the section 270.4 request for review upon the Director of Special Housing instead of upon the commissioner (7 NYCRR 270.4 [b]). The director was an appropriate agent of the commissioner. Furthermore, we find nothing in the record which indicates that the department advised petitioner of his right to have his good behavior allowance decision reviewed as required by 7 NYCRR 270.4 (c).

The judgment should be reversed, on the law, without

costs, and the petition reinstated; matter remitted to Special Term with leave granted to respondents to serve their answer within 20 days of the date of service of a copy of the order to be entered hereon.

KANE, MAIN, MIKOLL and YESAWICH, JR., JJ., concur.

Judgment reversed, on the law, without costs, and petition reinstated; matter remitted to Special Term with leave granted to respondents to serve their answer within 20 days of the date of service of a copy of the order to be entered hereon.