■ In the Matter of the CITY SCHOOL DISTRICT OF THE CITY OF TONAWANDA, Appellant, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Pitt, J.), entered April 1, 1981 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul determinations of the Commissioner of Education. In this article 78 proceeding, petitioner seeks review of three substantive determinations of respondent Commissioner of Education (Commissioner) and of the Commissioner's determination denying petitioner's application to reopen the three determinations. All four determinations concerned the tenure and seniority rights of six teachers. In Decision No. 9458, dated June 28, 1977, the Commissioner ordered petitioner to grant the six teachers seniority rights while denying the six teachers' petition for tenure. In Decision No. 9940, dated March 7, 1979, the Commissioner ordered petitioner to provide the six teachers with a seniority list and to comply with Decision No. 9458. In Decision No. 10258, dated May 13, 1980, the Commissioner again ordered petitioner to comply with Decision No. 9458 and also Decision No. 9940. Finally, in Decision No. 10335, dated September 2, 1980, the Commissioner denied petitioner's request to reopen his three prior decisions. On December 18, 1980, petitioner commenced the instant proceeding. Respondents then moved to dismiss the petition, claiming, *inter alia,* that the proceeding was barred by the Statute of Limitations. Special Term dismissed the petition on this ground and the instant appeal ensued. CPLR 217 requires that a proceeding under CPLR article 78 be commenced within four months after the determination at issue becomes final. In the instant case, the 1977, 1979 and May 13, 1980 decisions were final as of the dates they were rendered as petitioner was required to comply with the decisions immediately. The discretionary power of the Commissioner to rehear or reopen these determinations does not render an otherwise final order nonfinal (*Matter of Seidner v Town of Colonie, Bd. of Zoning Appeals,* 79 AD2d 751, affd 55 NY2d 613). In addition, petitioner's application to reopen these three decisions does not extend the four-month period within which to seek judicial review of these decisions (*Matter of Fiore v Board of Educ. Retirement System of City of N. Y.,* 48 AD2d 850, affd 39 NY2d 1016; see, also, *Matter of Johnston v Curry,* 68 AD2d 991). Furthermore, petitioner may not obtain review of the September 2, 1980 determination, denying the application to reopen the prior determinations, as the four-month period began to run from the dates of the original decisions — 1977, 1979 and May 13, 1980 (*Matter of Markert v Wilson,* 284 App Div 1086). Judgment affirmed, with costs. Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Weiss, JJ., concur.