■ In the Matter of HARRY V. BUCK, Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF SHAWANGUNK et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Klein, J.), entered March 2, 1982 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, as untimely. Petitioner owns a horse farm in the Town of Crawford, Orange County, and a noncontiguous 15-acre parcel in the Town of Shawangunk in Ulster County about 1¼ miles from the horse farm. Prior to 1981, petitioner had constructed a process on his Shawangunk property for the conversion of manure into usable fuels for space heating and fertilizer, using three buildings. His application for a permit to construct an additional building for use in the process was denied on the ground the proposed structure was a farm building which violated a 200-foot set-back requirement under the zoning law. The instant proceeding was commenced, but Special Term, without reaching the merits, dismissed the proceeding as untimely. The sole issue is whether petitioner's unsuccessful successive applications extended the time within which this proceeding could be timely commenced. It appears that on three occasions between November, 1978 and February, 1980, petitioner erected structures on the subject property without permits and that each time, because the structures were completely erected, permits were granted to him retroactively. In March, 1981, petitioner commenced construction of a fourth building, and only when ordered to cease work did he apply for a building permit on March 26, 1981. When told the foundation violated the zoning law set-back restriction, petitioner applied on March 27, 1981 for a variance from the town zoning board of appeals. Following his appearance before the board on April 15, 1981 in which he described the structure as an agricultural shed, the application for a variance was denied by decision dated and filed June 11, 1981. On May 30, 1981, he had applied for a building permit for an "accessory structure for existing principal agricultural use"; on July 17, 1981, he applied for a permit for an "accessory structure to house manure spreader tractor, farm implements and equipment"; and, on August 17, 1981, he again applied for the same building using the same description, and, in addition, "as an extention of main farm operation, horse and breeding farm". Each of the succeeding three applications for building permits was denied based on the previous zoning board of appeals' determination that the structure violated the law and that he should apply for a special use permit. Significantly, petitioner appeared at zoning board meetings on June 17, 1981 and July 15, 1981, each time with a different attorney, and each time discussed the April 15, 1981 board rejection. The petition in these proceedings (which does not appear to be verified), is dated and apparently was served by petitioner himself on October 27, 1981. Subdivision 7 of section 267 of the Town Law requires that proceedings to review a determination of a zoning board of appeals must be instituted within 30 days after the filing of a decision in the office of the town clerk. Here, the board decision following the

April 15, 1981 hearing was dated and filed with the town clerk on June 11, 1981. Special Term correctly held that the making and denial of an application to reconsider an administrative determination does not extend the time limitation within which to seek judicial review (*Matter of Qualey v Shang,* 70 AD2d 619). This court has held that conduct in responding to a petitioner's attempts to have the same subject matter reconsidered after filing a board decision, does not extend the period of limitations within which to seek review of the determination (*Matter of Seidner v Town of Colonie, Bd. of Zoning Appeals,* 79 AD2d 751). It is clear that petitioner's applications for building permits subsequent to respondent's April 15, 1981 denial and the appearance of his different attorneys before board meetings were all essentially seeking the same relief, i.e., the issuance of either a building permit or zoning variance for the identical structure. An administrative determination becomes final and binding when its impact is accurately assessed and a petitioner knows when he is aggrieved (*Matter of Jewish Mem. Hosp. v Whalen,* 47 NY2d 331, 343). Petitioner misconstrues the effect of the September 25, 1981 letter from the board which petitioner contends is the final determination giving rise to these proceedings. It is clear petitioner knew his application for a building permit as well as for a zoning variance had both been finally denied by respondent's decision filed June 11, 1981 following his April 15 appearance before the board. This proceeding commenced October 27, 1981 was clearly time barred. Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.