■ In the Matter of JACK M. FILUT, Appellant, v NEW YORK STATE EDUCATION DEPARTMENT et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.), entered May 15, 1981 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to require respondents to approve petitioner's application for admission to the State licensing examination for psychologists. We affirm the established rule that a four-month limitation of time within which to commence CPLR article 78 proceedings to review an administrative determination (CPLR 217) commences, if such determination has a final and binding impact, on the date when the petitioner receives notice of the determination. In this proceeding, petitioner, a 1976 graduate of Marquette University with the degree of Doctor of Philosophy in Counseling, sought admission to the licensing examination in psychology. On October 16, 1978, he was notified he would not be admitted to the examination because he failed to satisfy the statutory educational requirements for licensure in that he did not have a doctoral degree in psychology and lacked certain minimum semester hours of education. A lengthy exchange of correspondence and personal communications between petitioner and officials of the Division of Professional Licensing Services followed in which he sought to substantiate by documentation why his academic preparation was sufficient to satisfy the requirements. After further consideration, review, and appeal, petitioner was advised by letter dated March 3, 1980 that the Board of Regents voted on February 29, 1980 to deny him admission to the examination. Petitioner retained counsel who then recommenced an exchange of correspondence and submission of additional documentation culminating in another letter from the executive secretary of the State Board for Psychology dated October 6, 1980, notifying counsel that there was no reason to reopen petitioner's case. By petition dated February 3, 1981, this CPLR article 78 proceeding was commenced alleging that petitioner had been denied due process rights by respondents' failure to reconsider and re-evaluate their decision in light of the new evidence provided, and that the decision was arbitrary and capricious, and seeking a judgment directing his admission to the next examination as well as money damages. Special Term granted respondents' CPLR 3211 (subd [a], par 5) motion and dismissed the petition as untimely. The court rejected petitioner's arguments that respondents be estopped from interposition of the Statute of Limitations, and that an application for reconsideration of the administrative determination served to extend the time within which to commence the proceeding. We agree and

affirm. It is beyond cavil that an administrative determination is final and binding when it has an impact upon a petitioner (*Matter of Meliti v Nyquist,* 41 NY2d 183, 186; *Verbanic v Nyquist,* 41 AD2d 466, 467; 8 Weinstein-Korn-Miller, NY Civ Prac, par 7804.02). As early as October 16, 1978, petitioner was advised that his application was denied for lack of qualification, and he was invited to submit additional documentary evidence for further examination by respondents, which indeed he did. When petitioner received the letter of March 3, 1980, he was advised that the Board of Regents voted to deny him admission to the licensure examination and that future admission would be contingent upon his completion of a doctorate in psychology registered or approved by the department or a doctoral program determined to be the equivalent of a registered program. This determination had an impact on petitioner when he received the letter (see *Matter of Davis v Westchester County Personnel Off.,* 75 AD2d 600). Petitioner argues that a June 20, 1980 letter from a Dr. Salman to his attorney in response to requests for reconsideration of the Board of Regents' February 29, 1980 determination of rejection demonstrates that reconsideration was granted, tolling the Statute of Limitations until notice of rejection was repeated in Dr. Hall's October 6, 1980 letter. We disagree. The Salman letter clearly and unambiguously states that *if* the additional evidence is important, *then* the application will be reconsidered. This court has recently held that "the discretionary power to rehear or reopen matters which exists in nearly all administrative agencies, is not sufficient to render an otherwise final order nonfinal" (*Matter of Seidner v Town of Colonie, Bd. of Zoning Appeals,* 79 AD2d 751, 752, affd 55 NY2d 613; see, also, *Matter of City School Dist. of City of Tonawanda v Ambach,* 86 AD2d 726). Neither an application for reconsideration (*Matter of De Milio v Borghard,* 55 NY2d 216, 220) nor a series of inquiries regarding reconsideration (*Matter of Keating v Rogers,* 77 AD2d 694, affd 54 NY2d 646) will extend or toll the four-month Statute of Limitations. Nor did Special Term err in dismissing the petition without a fact-finding hearing. Assuming all of the allegations in the petition to be true (*Blessington v McCrory Stores Corp.,* 198 Misc 291, 298, affd 279 App Div 807, affd 305 NY 140), the plain meaning of the letters of March 3, 1980 and June 20, 1980 demonstrates that the rejection was final, obviating the relevance of any other facts which might possibly be developed upon a hearing. Petitioner's argument that respondents should be estopped from interposing the time-bar defense similarly fails. While "[i]t is the rule that a defendant may be estopped to plead the Statute of Limitations where plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action" (*Simcuski v Saeli,* 44 NY2d 442, 448-449), we find the record lacking any evidence to substantiate the claim that respondents acted by representations or conduct designed to induce petitioner not to commence a review proceeding, or otherwise deceive him. Although actual fraud or intent to deceive need not be proven if the conduct *was* calculated to mislead petitioner, it is enough if it be shown he relied upon it to warrant estoppel to prevent unconscionable advantage (*Arbutina v Bahuleyan,* 75 AD2d 84, 86). The record demonstrates contrary conduct, albeit sympathetic and friendly, devoid of any fraud or intent to deceive. We need reach no other contentions. Judgment affirmed, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.