■ In the Matter of ROBERT ABRAMS, as Attorney-General of the State of New York, Respondent, v PUBLIC SERVICE COMMISSION et al., Appellants. — Appeal, by permission, from an order of the Supreme Court at Special Term (Pitt, J.), entered February 1, 1983 in Albany County, which, in a proceeding pursuant to CPLR article 78, denied respondents' motion to dismiss the petition as time barred. In January, 1978, respondent utilities received authorization to construct a nuclear power facility in the Town of Sterling, Cayuga County. Thereafter, on May 4, 1978, because of decreased demand for electrical power, this authorization was revoked by the New York State Board on Electric Generation Siting and the Environment. In February, 1980, the utilities petitioned the Public Service Commission (PSC) for rate increases to recover the expenses they had incurred in the Sterling project. The PSC thereupon established a generic case to consider the sole issue of recoverability of expenses as applied to all the utilities. Over the next year and a half, the PSC conducted several public hearings on the issue and considered the arguments of some 15 different parties. The transcript of the proceedings amounted to approximately 3,500 pages. Although petitioner was apparently notified of the generic case, he did not appear before the PSC at any time during the lengthy proceedings. Finally, by decisions dated January 6, 1981 and January 12, 1982, the PSC ruled that the Sterling expenditures had been "prudently incurred" and were therefore recoverable through increased rates. As part of this generic decision, the PSC set the total amount recoverable by each utility. It also discussed proposed amortization schedules, but deferred final decision in this area until the next rate determination for each individual utility involved. On July 12, 1982, the PSC approved rate increases reflecting the recoverability of Sterling costs for respondent Rochester Gas & Electric Corporation. Earlier, on May 10, 1982, it had denied petitioner a rehearing on the PSC's previous approval of similar rate increases ordered for respondent Niagara Mohawk Power Corporation. Petitioner, on September 9, 1982, instituted this CPLR article 78 proceeding challenging these two rate approvals and seeking to prevent respondents Orange and Rockland Utilities, Inc., and Central Hudson Gas & Electric Corporation from recovering the expenditures they incurred in the aborted Sterling project. Respondents maintain that since the petition's purpose is to overturn the ruling of recoverability made in January, 1982, it is time barred by the four-month limitations period of CPLR 217. In denying respondents' motion to dismiss on this ground, Special Term reasoned that the January, 1982 order of recoverability was ineffective until such time as each individual utility had its proposed rates approved. We reverse. Although the generic decision was not self-executing, it was nevertheless a final and binding administrative decision which triggered the Statute of Limitations for its substantive effect was to immediately grant the utilities

authority to recover their Sterling costs. Indeed, the total amount each utility could ultimately recover from its customers was established. With the entry of the PSC's order in the generic case on January 13, 1982, the ratepayers owed the utilities all Sterling expenditures and the individual rate cases which followed merely implemented that recovery. The later approval of specific individual rate increases was simply an incidental measure employed to effectuate the generic decision (see *Matter of Allstate Ins. Co. v Stewart*, 36 AD2d 811, affd 29 NY2d 925). As for petitioner's argument that the generic decision should not be considered final because the PSC apparently possessed the unexercised power to modify or reverse that decision on its own, we note this discretionary power is neither unique to the PSC nor sufficient to render an otherwise final order nonfinal (see *Matter of Seidner v Town of Colonie, Bd. of Zoning Appeals*, 79 AD2d 751, 752, affd 55 NY2d 613). Finally, it is worth noting that petitioner's position, if adopted, would gravely impair the use of the administratively convenient generic approach and would bring undesirable uncertainty to a utility's financial planning (see *Matter of Public Serv. Comm. v Rochester Tel. Corp.*, 55 NY2d 320, 327). Order reversed, on the law, motion to dismiss granted, and petition dismissed, without costs. Main, J. P., Yesawich, Jr., Weiss and Levine, JJ., concur; Mikoll, J., not taking part.