■ In the Matter of JAMES L. COVERT, as Commissioner of the Madison County Department of Social Services, Appellant, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Williams, J.), entered August 4, 1982 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the New York State Department of Social Services. Petitioner administered the Federal Food Stamp Program in Madison County pursuant to a delegation of authority from the New York State Department of Social Services. With respondent's approval, petitioner entered into an agreement with the Oneida Valley National Bank to receive, store and distribute food stamp coupons. As part of the responsibilities, the bank had to complete a monthly food coupon accountability report on forms provided by the Federal Government. By letter dated January 26, 1979, respondent informed petitioner that the Oneida Valley Bank owed $3,259.51 to petitioner who, in turn, was responsible to respondent for that sum. On April 25, 1979, petitioner wrote to the bank advising it of the amount owed and, further, informed the bank that it could review respondent's audit by comparing it with its own monthly reports to determine if it wished to challenge the amount owed. On February 7, 1980, the bank advised petitioner that its review showed a shortage of $1,591.01. Thereafter, correspondence between the parties culminated in an unsuccessful meeting of the parties to resolve their differences. By letter dated December 11, 1981, respondent advised petitioner that the department was exercising its right to hold petitioner liable for the $3,259.51 owed by Oneida Valley National Bank. Petitioner commenced this CPLR article 78 proceeding on April 12, 1982. Thereafter, respondent moved to dismiss the petition on the ground that it was untimely commenced. Special Term granted the motion and this appeal by petitioner ensued. This court recently stated in *Matter of Filut v New York State Educ. Dept.* (91 AD2d 722, 723) that "It is beyond cavil that an administrative determination is final and binding when it has an impact upon a petitioner", and we further held that " 'the discretionary power to rehear or reopen matters which exists in nearly all administrative agencies, is not sufficient to render an otherwise final order nonfinal' ". Neither an application for reconsideration (*Matter of De Milio v Borghard,* 55 NY2d 216, 220) nor a series of inquires regarding reconsideration (*Matter of Keating v Rogers,* 77 AD2d 694, affd 54 NY2d 646) will extend or toll the four-month Statute of Limitations (CPLR 217). Here, petitioner was notified of respondent's determination by letter dated January 26, 1979. The letter stated that payment was due in 30 days. During the nearly three years of discussions culminating in the meeting among all the parties on October 28, 1981, no new evidence was produced by the bank challenging respondent's finding and respondent never made a new determination. Under these circumstances, the original determination was final since the negotiations terminated without a fresh, complete and unlimited examination into the merits (see *Matter of Davis v Kingsbury,* 30 AD2d 944, affd 27 NY2d 567). Since this article 78 proceeding must be dismissed as untimely (CPLR 217), we see no need to resolve the issue of whether petitioner, as commissioner of a county department of social services and the agent of the State Department of Social Services in the administration

of the Federal Food Stamp Program, has standing to bring this proceeding. Judgment affirmed, without costs. Mahoney, P. J., Main, Mikoll, Weiss and Levine, JJ., concur.