■ In the Matter of CABRINI MEDICAL CENTER, Appellant, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.), entered June 11, 1984 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

On February 28, 1984, petitioner commenced the instant CPLR article 78 proceeding for the review of a determination made by the Department of Health not to credit or disperse funds from certain of petitioner's operating escrow accounts for the purchase and installation of a computerized axial tomographic (CAT) scanner and a linear accelerator. This determination had been communicated to petitioner by a letter from the Department of Health's Division of Health Care Financing (DHCF), dated September 22, 1983. Special Term dismissed the petition as not timely commenced within the four-month Statute of Limitations period (CPLR 217). This appeal ensued.

It is petitioner's contention on this appeal that Special Term erred in ruling that the four-month limitations period was triggered by the letter of September 22, 1983, since it contends that this letter did not constitute a final determination of the matter. Petitioner concedes that the letter stated that the issue regarding the CAT scanner and linear accelerator was "closed" and that the findings on this matter were "final" and not "subject to further negotiations or consideration". However, petitioner alleges that after it received this letter, it arranged a meeting with the Director of the Department of Health's Office of Health Systems Management and the Assistant Director of DHCF to discuss the matter further. According to petitioner, this meeting was held on October 28, 1983, and there these

officials stated that they would reconsider this issue and advise petitioner of their final decision. After petitioner had heard nothing further regarding this matter over the next three months, it sent a letter to the Assistant Director of DHCF stating that it assumed from his silence that petitioner's request was denied. When petitioner received no response, it commenced the instant article 78 proceeding on February 28, 1984. Hence, it is petitioner's contention that the September 22, 1983 determination was not final and binding in that the two Health Department officials who attended the meeting on October 28, 1983 had allegedly stated at that meeting that they would reconsider the matter. Petitioner therefore concludes that the four-month limitations period of CPLR 217 was not triggered by the letter of September 22, 1983.

Initially, two controlling principles should be noted. First, an administrative determination is final and binding when it has an impact upon a petitioner (*Matter of Filut v New York State Educ. Dept.*, 91 AD2d 722, 723, mot for lv to app den 58 NY2d 609). In the instant case, the determination had an impact on petitioner on the date it received the letter of September 22, 1983, which, petitioner states, was during the last week of September, 1983.

Second, we note that this court, in its determination of this appeal, must assume that all of the allegations set forth in the petition are true (see *id.*). Hence, we must assume that the meeting of October 28, 1983 took place and that the Health Department officials at that time made the statements attributed to them by petitioner.

Given these assumptions, we conclude that the statements made at this meeting did not annul the finality of the letter of September 22, 1983. It has repeatedly been held that, in the absence of a statutory right to further proceedings, mere negotiations aimed at reopening a matter for further proceedings will not extend the time within which review must be sought (*Matter of Abrams v Public Serv. Comm.*, 96 AD2d 701, affd 61 NY2d 718; *Matter of Filut v New York State Educ. Dept., supra; Matter of Buck v Zoning Bd.*, 90 AD2d 582, 583; *Matter of Seidner v Town of Colonie*, 79 AD2d 751, 752, affd 55 NY2d 613). In the instant case, there were no Department of Health regulations containing any rehearing procedure (see 10 NYCRR part 51), nor is any such procedure contained in the Public Health Law. Hence, the parties' mere negotiations to reopen the instant matter could not have extended the time within which to commence an article 78 proceeding. Further, even if the department had indeed been reconsidering the matter, as petitioner alleges,

this would still not have extended the time limitation of CPLR 217 since, ultimately, no new evidence was produced, no new determination was made, and the negotiations terminated without a complete *de novo* examination of the merits (see *Matter of Covert v Blum,* 97 AD2d 605; *Matter of Seidner v Town of Colonie, supra,* p 752). We conclude that Special Term was correct in its ruling that petitioner's proceeding was untimely commenced and in its dismissal thereof.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.