■ In the Matter of MARVIN MILLER, Appellant, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents.—Levine, J.

In 1979 the Commack Board of Education (Board) brought various charges against petitioner, a teacher at the Commack High School in Suffolk County, pursuant to Education Law § 3020-a. A hearing was held before a three-member panel which, on November 11, 1983, determined that petitioner was guilty of several of the charges. Petitioner was suspended from his teaching duties at leave without pay for the remainder of the 1983-1984 school year. Thereafter the Board re-

quested that respondent Commissioner of Education (Commissioner) review the hearing panel's determination, modify the recommended penalty and allow the Board to terminate petitioner from his position. On August 10, 1984, the Commissioner rendered a determination authorizing the Board to discharge petitioner. Petitioner was dismissed on August 16, 1984, but requested a rehearing before the Commissioner pursuant to 8 NYCRR 276.8 (a). The Commissioner denied the request on April 17, 1985. On July 17, 1985, petitioner commenced the instant CPLR article 78 proceeding seeking annulment of the Commissioner's determination authorizing his dismissal. Upon respondents' applications, Special Term dismissed the proceeding holding that the applicable Statute of Limitations had run. This appeal by petitioner ensued. We now affirm.

CPLR 217, the Statute of Limitations applicable here, provides that "a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding". Petitioner maintains that the Commissioner's determination authorizing his dismissal did not become final until April 1985, when his request for a rehearing was denied, that the Statute of Limitations thus began to run at that time and the instant proceeding was timely commenced one month later. However, that the Commissioner was vested with discretionary authority to grant a rehearing pursuant to 8 NYCRR 276.8 (a) did not render his initial August 1984 determination nonfinal (see, Matter of City School Dist. v Ambach, 86 AD2d 726, lv denied 56 NY2d 503; Matter of Express Limousine Serv. v Hennessy, 72 AD2d 864, 865). Accordingly, petitioner was required to commence this proceeding within four months of that determination, and his application for a rehearing neither tolled nor extended the limitations period (supra). Petitioner's reliance upon Matter of Hicks v Fogg (79 AD2d 258) to the contrary is unavailing. The regulatory provision in Hicks provided the inmate petitioner there with an automatic right to review as well as a mandatory right to a rehearing at any time. Thus, upon the request for a rehearing, a new determination was necessarily rendered and the Statute of Limitations ran from that point in time (see, CPLR 7801 [1]). The situation here is distinguishable, as petitioner did not receive a new hearing. Rather, his request for a rehearing was denied. This distinction is noted in CPLR 7801 (1).

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.