■ In the Matter of FRANK T. WALSH, Appellant, v SUPERINTENDENT OF HIGHWAYS OF THE TOWN OF POESTENKILL et al., Respondents.—Mikoll, J. Appeal from a judgment of the Supreme Court (Travers, J.), entered May 12, 1987 in Rensselaer County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition as untimely.

Respondent Town Board of the Town of Poestenkill (Town Board) adopted a resolution, over petitioner's objection, to abandon White Church Road in the Town of Poestenkill, Rensselaer County, at a regular monthly meeting of the Town Board on May 8, 1986. Respondent Town Superintendent of Highways executed a certificate of abandonment of the road, which was filed in the office of the Town Clerk immediately following the meeting. About a month later, petitioner sent a letter to the Town Attorney voicing his disagreement with the Town Board's decision and seeking to discuss the possibility of the Town's reopening of White Church Road. Petitioner also appeared at a Town Board meeting on July 10, 1986 concerning reopening the road. On or about August 14, 1986, petitioner was informed that the Town Board had found no reason to rescind or modify its earlier determination. On December 8, 1986, petitioner commenced the instant CPLR article 78 proceeding to compel respondents to withdraw the certificate of abandonment and to reopen White Church Road.

Respondents interposed an objection in point of law in their answer raising the Statute of Limitations as a bar to the maintenance of this proceeding. Supreme Court ruled that final action was taken by the Town Board on May 8, 1986 when the certificate of abandonment was filed. The court, in dismissing the proceeding, held that "[n]either an application for reconsideration nor inquiries concerning such reconsideration will extend or toll the four month Statute of Limitations for commencing an Article 78 proceeding". This appeal by petitioner ensued.

The judgment dismissing the instant proceeding should be affirmed. It is well-established law that the four-month Statute of Limitations governing the commencement of an article 78 proceeding challenging a determination of a body or officer runs from the moment a petitioner knows of the existence of the determination and that he is or will be adversely impacted and aggrieved by it *(Matter of Filut v New York State Educ. Dept.,* 91 AD2d 722, 723, *lv denied* 58 NY2d 609; *Matter of Buck v Zoning Bd. of Appeals,* 90 AD2d 582, 583; *see also,* CPLR 217). "[T]he discretionary power to rehear or reopen matters which exists in nearly all administrative agencies, is not sufficient to render an otherwise final order nonfinal" *(Matter of Seidner v Town of Colonie,* 79 AD2d 751, 752, *affd* 55 NY2d 613). "Neither an application for reconsideration * * * nor a series of inquiries regarding reconsideration * * * will extend or toll the four-month Statute of Limitations" *(Matter of Filut v New York State Educ. Dept., supra,* at 723 [citations omitted]). Accordingly, Supreme Court properly dismissed the petition.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Weiss, Mikoll and Levine, JJ., concur.