◼ In the Matter of LARRY L. MAPHIS, Appellant, v COUNTY OF CHEMUNG, Respondent. (Proceeding No. 1.) In the Matter of WILLIAM R. DUNN, Appellant, v COUNTY OF CHEMUNG, Respondent. (Proceeding No. 2.)—Yesawich, Jr., J. Appeals from two judgments of the Supreme Court (Crew, III, J.), entered July 21, 1987 in Chemung County, which dismissed petitioners' applications, in proceedings pursuant to CPLR article 78, to review respondent's determinations terminating petitioners' employment.

The facts of these two companion cases are essentially the same. Petitioners began working for respondent as laborers under the Comprehensive Employment Training Act (hereinafter CETA) in September 1974. In October 1979, petitioners became regular employees of respondent, rather than temporary ones funded by CETA. On November 13, 1984, petitioners were notified that due to fiscal constraints their positions would be terminated as of January 1, 1985. Respondent explained that although others who were not terminated had not worked for it as long as petitioners, service under the CETA program was not considered continuous service for the purpose of calculating seniority, a view evidently shared by petitioners' union.

The collective bargaining agreement entered into between petitioners' union and respondent provides a four-step grievance procedure: (1) an employee is to discuss any grievance within five days of its accrual with his supervisor, (2) if dissatisfied with the supervisor's response he is to submit a written grievance to the department head within five days of the supervisor's answer, (3) if that too is unavailing the grievance is to be forwarded to respondent's Director of Personnel, and (4) ultimately the employee may appeal that decision within five days to a grievance board, whose decision is final.

Petitioner Larry L. Maphis complained to his supervisor as soon as he received his notice of termination. However, he did not file a written grievance until January 17, 1985, assertedly because union officials supported respondent's position leaving Maphis with nowhere to turn for help and support. Petitioner William R. Dunn, aware of Maphis' lack of success with their supervisor, did not file his written grievance until February 20, 1985. Both grievances were promptly denied, presumably because of their untimeliness, though that is not at all clear

since the denials are not included in the records on appeal. Petitioners then retained counsel who tried to obtain satisfaction for them directly from respondent's Director of Personnel, which efforts were rebuffed on May 3, 1985. Petitioners then commenced the instant CPLR article 78 proceedings on August 30, 1985, seeking reinstatement of their employment and damages. Supreme Court found the proceedings timely, but dismissed them because petitioners did not comply with the time limitations of the grievance procedure. Petitioners appeal; we affirm, but for a reason other than that given by Supreme Court.

The petitions are untimely *(see,* CPLR 217) for a CPLR article 78 proceeding in the nature of certiorari runs from the point of the final determination *(see, Austin v Board of Higher Educ.,* 5 NY2d 430, 442), in this instance January 17, 1985 as to Maphis, and February 21, 1985 as to Dunn, the dates when their respective grievances were denied. These denials became final when they were not appealed pursuant to the grievance procedure within five days. There is no indication in the record that the correspondence of petitioners' counsel with respondent's Director of Personnel, culminating May 3, 1985, was anything more than an attempt to reopen already settled determinations *(see, Matter of Walsh v Superintendent of Highways of Town of Poestenkill,* 135 AD2d 968, 969, *lv denied* 72 NY2d 808).

Judgments affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.