OPINION OF THE COURT
F. Warren Travers, J.
Petitioners, coexecutors of the estate of Nelson A. Rockefel *815 ler, commenced this CPLR article 78 proceeding to review respondent’s determination not to reimburse the estate for certain legal fees incurred in defending the estate of Nelson A. Rockefeller. Lawsuits had been brought against the estate as a result of events that occurred at Attica Correctional Facility during the time the late Nelson A. Rockefeller served as Governor of the State of New York.
The estate incurred legal fees in the sum of $1,082,295.25. The State of New York paid $318,899.50 to the firm of Mil-bank, Tweed, Hadley & McCloy pursuant to a rate schedule established by the respondent Comptroller. The remaining sum of $763,396.75 has been paid by the estate to the law firm. The estate now seeks full reimbursement of $763,396.75 from the State of New York pursuant to Public Officers Law § 17 (2) (b).
The respondent, in lieu of answering, has moved to dismiss in point of law. The respondent contends the proceeding is untimely in that it has been brought long after the four-month Statute of Limitations.
Respondent asserts that the Statute of Limitations began to run on January 7, 1985. Petitioners contend that the beginning date is September 26, 1990 and that the proceeding is timely.
There is no dispute between the parties over the right to private counsel pursuant to Public Officers Law § 17. The dispute involves the reasonableness of the legal fees incurred. The Comptroller has established a schedule of fees allowing $50-$100 per hour for partners and $35-$75 per hour for associates. Milbank, Tweed, Hadley & McCloy was paid its customary rates by the estate. These rates substantially exceeded the Comptroller’s rate schedule. The Milbank, Tweed firm contends that its hourly rates are in line with rates charged by other New York City firms.
Respondent contends that on January 7, 1985 a rate schedule was sent to the Milbank, Tweed firm establishing reasonable rates which the Comptroller would pay pursuant to Public Officers Law § 17 (2) (b). Respondent contends further that a final determination of rates was made on January 7, 1985. Respondent argues that the four-month Statute of Limitations began to run on that date, January 7, 1985, and that it is now too late for petitioners to challenge the reasonableness of the rates established by that schedule.
Petitioners assert that with each payment request, a state *816 ment was made that the request was being submitted without prejudice to seeking additional fees at a later date. Petitioners argue that this placed the respondent on notice that petitioners would not be restricted or limited to the payment schedule established by the respondent Comptroller.
The petitioners and their attorneys were successful in having the claims against the estate of Nelson A. Rockefeller dismissed in Federal District Court. The dismissal was affirmed in September 1989 by the Second Circuit. Thereafter, on May 29, 1990, the petitioners submitted a final request for additional legal fees based upon the full amount paid by the estate to the Milbank, Tweed firm, less the sum of $318,899.50 previously paid by the State of New York directly to the Milbank, Tweed firm.
In a letter dated June 27, 1990, counsel for the respondent Comptroller requested additional documentation from the Attorney-General’s office to enable the Comptroller’s office "to make a determination as to the request made by Milbank, Tweed.” On September 26, 1990, by letter from the Comptroller’s counsel, the firm of Milbank, Tweed was advised that "we have concluded that there is no basis to review the original determination made by our office in 1985 when we informed your firm of the rates that the State would pay as reasonable attorney’s fees under Public Officers Law § 17.”
The respondent takes the position that a final determination of the rates to be paid was made in 1985. Respondent asserts the 1990 request is nothing more than a request for reconsideration which does not extend the Statute of Limitations, relying upon Matter of Walsh v Superintendent of Highways (135 AD2d 968).
This court has found no reported case interpreting Public Officers Law § 17 (2) (b) on this particular issue. The cases cited by respondent involve formal rate-making decisions for public utilities, Medicaid rates, planning and zoning decisions and the like. None of the cited cases address the issue of reasonable legal fees.
Public Officers Law § 17 (2) (b) states in part: "Any dispute with respect to representation of multiple employees by a single counsel or the amount of litigation expenses or the reasonableness of attorneys’ fees shall be resolved by the court upon motion or by way of a special proceeding.”
In this case, the Comptroller has assumed that he has the authority to determine reasonable rates of compensation pur *817 suant to Public Officers Law § 17 (2) (b). It is clear, however, the law vests this power in the court, not the Comptroller. This section also provides the procedural method to resolve any dispute, that is, by motion or special proceeding. By definition (CPLR 7804 [a]) a proceeding under article 78 is a special proceeding. Petitioner has commenced a special proceeding to resolve the dispute.
In addition to number of hours times an hourly rate, the courts have traditionally applied other factors in the computation of reasonable fees. Such factors include: (1) the novelty and difficulty of the questions presented; (2) the skill requisite to perform the legal services properly; (3) the preclusion of other employment by the attorney due to acceptance of the case; (4) whether the fee is fixed or contingent; (5) time limitations imposed by the client or the circumstances; (6) the nature and length of the professional relationship with the client; (7) the amount involved and the results obtained; (8) the undesirability of the case; and (9) awards in similar cases.
Consideration of these other factors, particularly "the results obtained”, must await the final outcome of the case.
This court concludes the administrative action taken in this case was the refusal to reimburse the petitioners. That action was taken on September 26, 1990. This proceeding was timely commenced by personal service on November 15, 1990.
The motion to dismiss is denied. Respondent shall answer the petition within the time specified in CPLR 7804 (f). Petitioner may thereafter renotice the matter for hearing as specified in CPLR 7804 (f).
All papers are returned to Attorney Lewis for submission of an order directly to chambers without notice with this decision attached.