■ In the Matter of ASIM DRUGS, INC., Respondent, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Social Services, dated March 26, 1990, which, *inter alia,* discontinued the petitioner's participation in the New York State Medical Assistance program, Cesar A. Perales, the Commissioner of the New York State Department of Social Services, and the New York State Department of Social Services appeal, by permission, from an order of the Supreme Court, Queens County (Durante, J.), dated December 5, 1991, which granted the petitioner's motion for a preliminary injunction and denied the appellants' cross motion to dismiss the petition.

Ordered and adjudged that the order is reversed, on the law, with costs, the appellant's cross motion is granted, the petition is dismissed, the appellants' determination is confirmed, and the petitioner's status as a Medicaid provider is terminated.

This appeal, and the four related appeals decided herewith, arise out of the termination by the appellant New York State Department of Social Services (hereinafter DSS) of the respective petitioner's participation in the New York State Medical Assistance program (hereinafter Medicaid). By notices issued between March and May 1990, the DSS informed the petitioner herein, Asim Drugs, Inc., and the various other petitioners in the companion cases, that it was terminating their participation in the Medicaid program pursuant to 18 NYCRR 504.7 (a). In response, the petitioners brought an action in the United States District Court for the Eastern District of New York, asserting various constitutional claims and seeking injunctive relief. The District Court found for the petitioners and issued permanent injunctions enjoining the DSS from implementing its notices of termination without affording the petitioners a hearing. On April 5, 1991, however, the United States Court of Appeals for the Second Circuit rejected the petitioners' constitutional claims, and reversed the District Court's judgment *(see, 701 Pharmacy Corp. v Perales,* 930 F2d 163, 170). The injunctions were subsequently dissolved in May 1991.

The petitioners thereupon commenced proceedings pursuant to CPLR article 78, alleging, *inter alia,* that the termination by DSS of their participation as Medicaid providers was

arbitrary and capricious. The DSS moved to dismiss the petitions, arguing, *inter alia,* that because its termination notices had become final and binding more than four months before the petitioners commenced their proceedings, the proceedings were time-barred *(see,* CPLR 217 [1]). We agree.

CPLR 217 (1) provides that a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding *(see, e.g., New York State Assn. of Counties v Axelrod,* 78 NY2d 158, 165; *Matter of Village of Westbury v Department of Transp.,* 75 NY2d 62, 72; *Matter of Martin v Ronan,* 44 NY2d 374, 381; *Matter of Cabrini Med. Center v Axelrod,* 107 AD2d 965). The DSS issued its final and binding termination notices with respect to the petitioner Asim Drugs, Inc., and the petitioners in the companion cases, between March and May of 1990. The petitioners, however, instituted their respective proceedings over a year later, in June and July of 1991. Accordingly, the petitioners' proceedings were all commenced well after the expiration of the four-month limitation period and are all time-barred.

Further, we reject the assertion that the termination notices were only final and binding when the stay issued by the Federal District Court was dissolved in May 1991. Pursuant to CPLR 217, the petitioners were required to commence these respective proceedings on their State law claims within four months of the effective date of the DSS' 1990 termination notices. The fact that the petitioners chose first to commence an action in the Federal courts does not operate to extend their time to commence a proceeding pursuant to CPLR article 78. We note, moreover, that there was no legal impediment to the simultaneous prosecution of the petitioner's Federal action and a State law proceeding pursuant to CPLR article 78 *(cf., Kolomensky v Wiener,* 135 AD2d 505, 506). Accordingly, any delay which ensued was a result of the strategy deliberately pursued by the petitioners themselves.

In light of our determination, we need not reach the appellants' remaining contentions. Thompson, J. P., Lawrence, Miller and Ritter, JJ., concur.