■ In the Matter of LEONARD ADLER, Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Respondent.—Appeal from a judgment of the Supreme Court (Prior, Jr., J.), entered October 17, 1991 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition as time barred.

When petitioner received respondent's letter dated September 18, 1990 informing him what his final retirement benefits would be, the letter constituted a final and binding determination so as to commence the running of the four-month Statute of Limitations *(see,* CPLR 217, 7801). The fact that petitioner's attorney requested respondent to recalculate petitioner's re-

tirement allowance did not, as Supreme Court held, serve to make the September 18, 1990 determination nonfinal especially where, as here, respondent is not mandated by statute or regulation to reconsider petitioner's case *(see, Matter of Filut v New York State Educ. Dept.,* 91 AD2d 722, 723, *lv denied* 58 NY2d 609; *Matter of Seidner v Town of Colonie, Bd. of Zoning Appeals,* 79 AD2d 751, 752, *affd* 55 NY2d 613). Nor did respondent's conduct in responding to petitioner's request toll the four-month time period as it never indicated that it would make a de novo examination of the merits using new evidence *(see, Matter of Rapuzzi v City of New York, Civ. Serv. Commn.,* 161 AD2d 715, *lv denied* 76 NY2d 707; *Matter of Cabrini Med. Ctr. v Axelrod,* 107 AD2d 965; *Matter of Seidner v Town of Colonie, Bd. of Zoning Appeals, supra,* at 752). Instead, respondent's January 17, 1991 reply to petitioner was merely an explanation of why it did not include a certain lump-sum amount in its determination of petitioner's retirement allowance.

Were we to reach the merits of petitioner's case we would nevertheless find that respondent's determination had a rational basis. Here, as a result of an amendment to his contract in 1987, petitioner was given a substantial increase in his compensation in exchange for elimination of his right to receive $40,500 in termination pay upon his retirement. The amendment served to artificially inflate petitioner's final average salary before his retirement and, therefore, in arriving at petitioner's retirement allowance, it was reasonable for respondent to conclude that this amount should be excluded under Education Law § 501 (11) *(see, Matter of Miller v New York State Teachers' Retirement Sys.,* 157 AD2d 890; *Matter of Martone v New York State Teachers' Retirement Sys.,* 105 AD2d 511).

Mikoll, J. P., Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.