■ In the Matter of NEW YORK CARTING Co., INC., et al., Appellants, v BRENDAN SEXTON, Respondent. [608 NYS2d 277] — In a proceeding pursuant to CPLR article 78, *inter alia,* to review a tipping fee increase effective October 14, 1988, imposed by the New York City Department of Sanitation at Fresh Kills Landfill in Staten Island, the appeal is from a judgment of the Supreme Court, Richmond County (Leone, J.), dated December 12, 1991, which dismissed the petition as time-barred under CPLR 217.

Ordered that the judgment is affirmed, without costs or disbursements.

We agree with the Supreme Court that the petitioners failed to commence this proceeding within the applicable four-month Statute of Limitations *(see,* CPLR 217). The petitioners commenced this proceeding in April 1990, *inter alia,* to review an increase in tipping fees at the Fresh Kills landfill which

was imposed by the New York City Department of Sanitation (hereinafter the DOS) pursuant to a Board of Estimate resolution. The DOS issued a notice to private carters in September 1988 indicating that the rate increase would go into effect on October 14, 1988. Collection of the rate increase was temporarily stayed pending litigation by a private carters group, but the lawsuit was ultimately unsuccessful *(see, Presidents' Council of Trade Waste Assns. v City of New York,* 142 Misc 2d 135, *affd* 159 AD2d 428). Thereafter, in December 1988 the DOS issued a notice to carters that it would begin collecting the rate increase at landfills, and that the increase was retroactive to October 14, 1988.

In subsequent litigation by private carters, collection of the rate increase was again temporarily stayed. The court ultimately determined that retroactive imposition of the rate increase was not a denial of due process *(see, Litod Paper Stock Corp. v City of New York,* 154 AD2d 280). In March 1989 the DOS notified private carters of the amount of retroactive charges owed for the period since October 14, 1988. By circular dated January 11, 1990, the DOS notified the petitioners of the date when the retroactive rate increase was to be collected. The petitioners contend that the January 11, 1990, notice triggered the four-month Statute of Limitations and therefore, the proceeding commenced in April 1990 was timely.

We find this argument to be without merit. A determination becomes final and binding when it is clear that a petitioner has been aggrieved *(see, New York State Assn. of Counties v Axelrod,* 78 NY2d 158; *Matter of Edmead v McGuire,* 67 NY2d 714; *Matter of Martin v Ronan,* 44 NY2d 374). Here the petitioners were aggrieved when the fee increase went into effect in October 1988 *(see, Matter of Hospital Assn. v Axelrod,* 164 AD2d 518). At that point, the impact of the increase on the petitioners could be accurately assessed. Moreover, the determination of the DOS to impose the fee increase was not rendered less final or binding merely because collection of the increase was temporarily stayed in litigation on behalf of private carters *(cf., Matter of Asim Drugs v Perales,* 183 AD2d 893; *see also, Litod Paper Stock Corp. v City of New York,* 154 AD2d 280, *supra).* Since the notice of January 11, 1990, was not a new determination for Statute of Limitation purposes, this proceeding is time-barred. Bracken, J. P., Miller, O'Brien and Altman, JJ., concur.